### LIEBUCK v. STAHLE.

1. **Appeal to Supreme Court:** WAIVER OF BY PROSECUTING NEW ACTION BELOW. It is against the policy of the law that two actions to accomplish the same result should be pending at the same time. Accordingly, in this case, where plaintiff was defeated in the court below in an action of forcible entry and detainer, and he appealed to this court; but afterwards began and prosecuted to judgment a second action for the same purpose in the lower courts, *held* that he thereby waived the right to prosecute the appeal, and the same is dismissed.

*Appeal from Des Moines Circuit Court.*

THURSDAY, SEPTEMBER 24.

ACTION of forcible entry and detainer, commenced before a justice of the peace. Upon appeal to the circuit court judgment was rendered for the defendant, and the plaintiff appeals.

*P. Henry Smyth & Son* and *John J. Seerley*, for appellant.

*Poor & Baldwin*, for appellee.

SEEVERS, J.—We understand the facts to be that plaintiff

commenced this action to recover possession of certain real estate, on the theory that the defendant was in possession under a tenancy at will, which the plaintiff had terminated by the service of the proper notice. There was a judgment rendered by the justice for the defendant, which was affirmed on appeal to the circuit court. Afterwards the plaintiff served upon the defendant another notice to quit, and commenced a new action, based thereon, to recover possession of the same premises. This action was decided against the plaintiff by the justice, and he appealed therefrom to the circuit court; and while this action was pending in the circuit court the plaintiff appealed in the first action to this court. Afterwards the second action was tried, and judgment was rendered against the plaintiff, and he now prosecutes his appeal in the first action to this court. Counsel for the appellee insist that this cannot be done; that when the second notice to quit was served, the plaintiff thereby acknowledged the relation of landlord and tenant as still subsisting, and this fact, and the bringing of the second action and prosecuting it to judgment, amounted to a waiver of the appeal, or rendered its further prosecution improper.

It is provided by statute that the appellee may by answer plead any facts which render the taking of the appeal improper, or destroy the appellant's right of further prosecuting the same. Code, § 3213. Both actions were commenced to accomplish the same result. Both were pending at the same time; one on appeal to this court, and the other in the court below. When the second action was commenced the defendant was bound to appear and defend. Having thus brought the defendant into court and subjected him to the expense of defending, the plaintiff took an appeal in the first action, but he prosecuted the second action to judgment, and he now seeks to prosecute the appeal to this court. By the prosecution of the second action to judgment his right to further prosecute this appeal was waived and lost. It is against the policy of the law that two actions for the same

thing, or to accomplish the same result, should be pending at the same time. The plaintiff elected that he would take his chances, and prosecuted the second action to judgment, and he cannot now be permitted to say that it was a mere experiment. He elected which course he would take. Both were open to him, and it is neither right nor just that he should prosecute this appeal, and put the defendant to the cost, trouble and expense of defending it.

APPEAL DISMISSED.