EDWARD MATTHEWS, Appellant, v. O. E. QUAINTANCE et al.,
Appellees.

PLEADING: Motion to Strike—Scope of Motion. A motion to strike
a pleaded cause of action from *two* of three existing, specified, and
separate pleadings by the same party does not embrace the striking
of the cause of action from the third pleading.

APPEAL AND ERROR: Waiver of Appeal—Institution of New Ac-
tion. The rule that a party waives his appeal by instituting a new
action in the lower court on the same matters involved in the ap-
peal, is not applicable to a case where, after the taking of an ap-
peal, the appellant attempts to revive a *dismissed* cross-petition
which involves the matters embraced in the appeal.

MECHANICS' LIENS: Foreclosure—Adjudication and Loss of Right.
The right to foreclose a mechanic's lien is wholly lost by the act of
the claimant, when made a party to mortgage foreclosure, (1) in
filing a cross-petition for foreclosure of his lien without service
of notice of such filing and of hearing thereon; (2) in filing an
answer which, in effect, repeats all the allegations of the cross-
petition; (3) in allowing the proceedings to go to decree, which
omitted any foreclosure of the mechanic's lien, but determined the
status and priority of all parties, and which ordered a sale of the
premises and foreclosed all subordinate parties of all rights after
sale, except the right of redemption; and (4) in failing to appeal
from said decree.

JUDGMENT: Conclusiveness—Nonadjudicated Issues. An action by a
mechanic's lien claimant against the owner of the premises to re-
cover for the work done and for the material furnished, is neces-
sarily not barred because the same issues were abortively tendered
in a former action and not tried out.

Headnote 1: 34 C. J. p. 922; 31 Cyc. p. 636. Headnote 2: 3 C. J. p.
688. Headnote 3: 34 C. J. p. 921.

*Appeal from Mahaska District Court.*—D. W. HAMILTON, Judge.

OCTOBER 20, 1925.

ACTION to foreclose a mechanic's lien. The lower court dis-
missed plaintiff's petition. On appeal the case is affirmed in
part and reversed in part.—*Affirmed in part; reversed in part.*

*Edward A. Schmidt* and *James G. Patterson,* for appellant.

*McCoy & McCoy, I. C. Johnson,* and *John E. Lake,* for appellees.

ALBERT, J.—In March, 1918, B. O. Cruzen was the owner of the property in controversy herein. On the 29th of that month, he executed to R. K. Davis three promissory notes, totaling $15,500, and at the same time executed to Davis a mortgage on the property. This mortgage, on the first of March, 1922, was duly transferred by Davis to the Mahaska County State Bank.

B. O. Cruzen died, and Frank Cruzen was the duly qualified executor of his estate.

B. O. Cruzen conveyed said property to O. E. and Mary A. Quaintance. They assumed and agreed to pay the said mortgage. The property in controversy was used for garage purposes, and Quaintance had contracted with the tenant to make some improvements thereon. He employed the plaintiff herein to make such improvements, which consisted largely of cement work. This work was done in the latter part of the year 1920 and the early part of 1921.

On the 5th of March, 1921, Quaintance made to the plaintiff two promissory notes, amounting to $1,100, for the work and material furnished by plaintiff in making said improvements. Quaintance claims that this amount represented the sum total of plaintiff's contract for such improvement. Plaintiff claims that there was still an amount of $443.47 due, over and above these notes, which Quaintance had agreed to pay in cash in a few days.

On the 2d of May, 1921, the plaintiff herein, Matthews, filed with the clerk of the district court of Mahaska County a statement of account and affidavit for a mechanic's lien, as provided by law, for the material procured and the work done by him on the property in controversy.

The Oskaloosa Savings Bank held four notes given by the defendants Quaintance and wife, totaling $16,200, dated January 18, 1922. On the 21st of May, 1922, Quaintance and wife conveyed the property in controversy herein to the said Oska-

loosa Savings Bank by warranty deed, as security for the payment of the notes last described. These last described notes, together with the deed securing the same, were duly assigned to the Mahaska County State Bank by the Oskaloosa Savings Bank. While the conveyance was in the shape of a warranty deed, it is recognized and treated by all parties in these proceedings as in truth and in fact a mortgage.

On the 11th day of February, 1921, Quaintance and wife executed to the McKey-Fansher Company a mortgage on the above described premises for the sum of $1,878.79.

At the October, 1922, term of the district court of Mahaska County, the Mahaska County State Bank commenced an action against Quaintance and wife, Frank Cruzen, as executor of the estate of B. O. Cruzen, this plaintiff, Edward Matthews, the McKey-Fansher Company, and several other defendants. In that action the bank sought to foreclose the mortgage made to Davis and assigned to that plaintiff, herein first described, and also to foreclose the mortgage deed it had acquired from the Oskaloosa Savings Bank; and prayed, so far as the plaintiff Matthews is concerned, that the lien of the bank, by virtue of its mortgage, be declared superior to the mechanic's lien of Matthews. To the petition of the Mahaska County State Bank Matthews appeared, and filed what he designates as a cross-petition against the plaintiff therein, the Mahaska County State Bank, and all his codefendants, sets up his mechanic's lien, asks for judgment against Quaintance and wife for the total amount due thereunder, and prays that his mechanic's lien be decreed superior to the claims of all other parties in the litigation, including the Mahaska County State Bank, and that the same be foreclosed. While this alleged cross-petition was filed, nothing more was ever done with the same, and no notice of its filing was ever served on any of the parties.

At the time of the filing of the cross-petition by Matthews, he also filed an answer to the petition of the Mahaska County State Bank, in which he denied all allegations of the plaintiff's petition, except that he admitted the corporate capacity of the then plaintiff and the fact that Frank Cruzen was the executor of the estate of B. O. Cruzen, deceased. He denies knowledge or information as to the allegations with reference to the Davis

mortgage, makes all of the allegations of his cross-petition a part of his answer, and asks that his lien be decreed superior to that of the Mahaska County State Bank and all other codefendants in said action, that it be "decreed to be a preferred claim," and that it be the first to be paid out of the proceeds of any sale of said premises, and for other and further equitable relief.

The case proceeded to trial, and on the first of December, 1922, decree was rendered therein. While the decree is important in the pending litigation, it is too lengthy to set out in *haec verba*. Suffice it to say that it provides for the foreclosure of both mortgages of the Mahaska County State Bank. It fixes the status of the various parties, and holds that the Davis mortgage, subsequently transferred to the Mahaska County State Bank, was a first lien on the property, and superior to all other claims. It gave to the McKey-Fansher Company mortgage second place, and declared it superior to all other claims except the first mortgage then owned by the Mahaska County State Bank. It decreed the deed originally made to the Oskaloosa Savings Bank to be a mortgage, but held it to be junior and inferior to the mechanic's lien of Edward Matthews.

No reference whatever is made in the decree to the alleged cross-petition, nor was the prayer of the cross-petitioner, Edward Matthews, for the foreclosure of his mechanic's lien, granted.

It further appears that at this time there was an outstanding lease between Quaintance and his tenant, Lambertson-Hunt Company, which had been assigned to the Mahaska County State Bank. Under the terms of this lease, certain provisions were made for improvements to be put upon the said property. Whereupon, after due notice, a receiver was appointed to take possession of said property, and on application of such receiver, he was authorized to borrow and expend $5,500 for the purpose of carrying out the terms of said lease, which was done, and the amount thus expended by that receiver was made first lien, as against all lien claims except the first (Davis) mortgage, and it was placed on equality with that mortgage.

On the 21st of February, 1923, the plaintiff herein, Edward Matthews, filed a petition in equity in the case at bar, making defendants all the parties who were in any way parties to the

original foreclosure case, to which reference is above made. In this petition he seeks, among other things, to foreclose his mechanic's lien, and that part of his petition is in the usual form. He seeks judgment against Quaintance and his wife for $1,543.47, and asks that said judgment be established as a prior and superior lien upon the property in controversy, and that any rights or claims made by the defendants or any of them be decreed junior and inferior to the claim of the plaintiff, and that, "should the court find that any portion of the defendants' lien is superior to the claim of this plaintiff, then that the property be sold, and that the plaintiff shall be prorated with that claim found to be superior or of equal grade of this plaintiff, that the rights of redemption of the defendants be forever barred and foreclosed, and that a special execution issue for the sale of said property," and for other equitable relief.

To this petition the Mahaska County State Bank, the McKey-Fansher Company, and the receiver filed separate answers, in which they denied knowledge or information as to the allegations of the plaintiff's petition, and further pleaded that all matters involved herein have been fully adjudicated and determined in the action herein referred to as the Mahaska County State Bank v. Cruzens et al., and pleaded that adjudication as a complete defense to the claim of the plaintiff of a prior and superior lien on said building. Matthews, the plaintiff, filed reply to the answers just specified, wherein he denies that the aforesaid decree adjudicates the questions raised herein. He also states that the decree only allowed the Mahaska County State Bank a superior lien to the amount of $15,500, represented by the first mortgage on said premises; and alleges that the McKey-Fansher Company's lien, which was decreed to be superior to the claim of Matthews, was not in fact superior, because they took the same with full knowledge of his rights.

In the third paragraph he pleads that the Mahaska County State Bank sold the property under execution and bid it in at the execution sale for $34,625.09 on the third of March, 1923, and that the Mahaska County State Bank, or the sheriff of Mahaska County, now holds the amount of money thus bid, less the $15,500 which it took to satisfy the first mortgage. His prayer is that the Mahaska County State Bank be compelled to pay over

the money bid in excess of $15,500, and that so much as may be necessary to satisfy plaintiff's claim be so applied, and for other relief.

Quaintance and his wife filed separate answers. They deny that they entered into any such contract for cement work as claimed by Matthews, and deny that they are indebted to him in any sum. They admit the execution of the two notes for $1,100, and plead that they were made in full satisfaction of the plaintiff's claim, because the work and material furnished were not in accordance with the contract; that, to adjust and settle the controversy, the two notes were executed to Matthews. Quaintance claims that the claim is barred by the statute of limitations.

On the 25th of June, 1923, amendment to the petition and reply to the answer of the Quaintances were filed by the plaintiff. After certain specific denial, they plead that the Mahaska County State Bank, at the time it took the first mortgage and the deed which is held to be a second mortgage, had full knowledge that plaintiff had furnished the labor and material sued on in this action, and that, therefore, the said bank is estopped from denying plaintiff's right in the premises. They then again plead the sheriff's sale, the bidding in of the property by the Mahaska County State Bank, for $34,625.09, and state that the bank and sheriff have failed, neglected, and refused to apply the excess thereof over the first mortgage, and that the plaintiff is entitled to so much thereof as will satisfy his mechanic's lien. He asks judgment, in addition to the prayer of the original petition for an accounting by the sheriff and the bank for the proceeds of the sale of said premises, and asks that so much of the proceeds thereof as is necessary be paid to the plaintiff to satisfy his claim; that plaintiff's claim be established and the mechanic's lien foreclosed, and for other and further relief.

Later, on the 20th of October, 1923, plaintiff filed another amendment to his petition, in which he repleads the execution and sheriff's sale, and demands an accounting thereof, after the payment of the first mortgage, and asks that the Mahaska County State Bank be held by the court to account and pay over therefrom the amount necessary to satisfy plaintiff's claim.

On the 23d of October, 1923, the Mahaska County State

Bank, the McKey-Fansher Company, and the receiver filed a motion, the first ground of which was to strike the last amendment filed to plaintiff's petition, to wit, the one filed on October 20th, on the ground that the original petition was for foreclosure of the mechanic's lien, and that, under the statute, no action can be joined with the action to foreclose under a mechanic's lien. They also seek to strike from plaintiff's reply that part which attempts to set up an independent cause of action, because the said independent cause of action cannot be joined with an action for the foreclosure of a mechanic's lien. This motion to strike was sustained by the court. It will be seen that the claim of the mover was that the allegation which called upon the Mahaska County State Bank to account for the surplus over and above the amount due them on their first mortgage, was an independent cause of action, and that it could not be joined in the petition of the plaintiff to foreclose the mechanic's lien, on account of statutory prohibition. The court struck it in the instances specified in the motion, but the motion did not cover the same matter pleaded by the plaintiff in his amendment to the petition filed on June 25, 1923. It struck only at these matters in the amendment of October 20, 1923, and the one of May 17, 1923, leaving in the record the same matter pleaded in the amendment of June 25, 1923.

We might stop in the narrative at this point to dispose of this question. Simply stated, the question is whether when, in the three different pleadings, the same cause of action is pleaded, and the court by motion strikes two of them on the ground that they cannot be joined in the action pending, such a ruling would strike out the allegations in the third pleading not thus attacked by the motion. We feel that we cannot so hold. While it may be true that the parties making the motion intended to eliminate this issue from the case, it is no more than fair to say that it was incumbent upon them, when they sought to accomplish this purpose by motion, to eliminate it from all pleadings in the case. It may be that, in many instances where matters are alleged in three different pleadings usually pleaded in different forms, although of the same subject-matter, two of them would be subject to be stricken, while the third might be pleaded in

1. Pleading: motion to strike: scope of motion.

such a way that it could not be stricken. However, we do not feel warranted in announcing such a rule of pleading as urged by the mover. It therefore follows that, under what is designated as an amendment to the petition and reply to the answers of the Quaintances filed on June 25, 1923, the issue as to whether or not, under the sheriff's sale, plaintiff is entitled to an accounting of the proceeds of said sale, is still in the case. This ruling is not of much moment, because plaintiff, on the trial, did not introduce or offer any testimony supporting the issue thus made.

Following the motion to strike, Quaintance and wife filed a substituted answer, which is little more than an elaboration of the facts pleaded in their first answer filed herein. Plaintiff filed a reply to this substituted answer, in substance denying the allegations therein made.

We regret this lengthy statement of the pleadings; but, on account of the questions raised, it cannot be avoided.

Evidence was then introduced on the part of the plaintiff, tending to show that the work done and material furnished were the basis of his mechanic's lien. At this point the plaintiff rests.

The defendants then introduced the record, files, pleadings, and decree in the original foreclosure case of the Mahaska County State Bank v. Cruzens et al. Whereupon, Quaintance moved the court to dismiss the plaintiff's petition, for the reason that the matters involved therein had been entirely adjudicated in another action known as No. 11601, Mahaska County State Bank v. Cruzens, and that a decree had been entered fixing the rights of all parties, the sale had been had, and the rights, if any, which plaintiff had to a mechanic's lien or judgment had been already adjudicated; and for the further reason that this action was improvidently brought, by reason of the fact that a cross-petition was filed in the action of the Mahaska County State Bank v. Cruzens et al., which cross-petition was filed by the plaintiff in this case, asking relief in that action, and that that is the action in which the plaintiff should have his relief, if relief he should have. "In other words, he cannot meet two actions."

The defendants the Mahaska County State Bank, McKey-Fansher Company, and the receiver join in the motion to dis-

miss plaintiff's petition on the ground therein stated. Whereupon the plaintiff offered a written dismissal of his cross-petition filed in the case of Mahaska County State Bank v. Cruzens et al., which dismissal was filed on the 9th day of April, 1923. This offer was objected to as being incompetent and immaterial, and as not being offered at the proper time, the plaintiff having rested. The other defendants made the same objection, and it further appeared that it was filed some time after the decree in the case of Mahaska County State Bank v. Cruzens et al. was entered, the same having gone to decree at the October, 1922, term of said court. The court permitted the case to be reopened, and the evidence was received subject to the objection. On the 25th day of October, 1923, the court entered a ruling sustaining the motion, dismissing the cause of action of plaintiff, and entering judgment against the plaintiff for costs.

The first question over which serious contention is made arises by reason of a rule heretofore announced by this court, to wit, that, when one is defeated in a lawsuit and appeals, and subsequently commences another action bottomed on the same cause of action that was formerly tried, he thereby waives his right of appeal. See *Petersen v. Strawn*, 195 Iowa 526; *Liebuck v. Stahle*, 66 Iowa 749; *Gordon v. Ellison*, 9 Iowa 317, and cases therein cited.

2. APPEAL AND ERROR: waiver of appeal: institution of new action.

To the understanding of this contention we may state that, in the former history of the case recited above, in the original action of Mahaska County State Bank v. Cruzens et al., the plaintiff, Matthews, filed a cross-petition, but no notice was ever served on any of the parties to that lawsuit of that cross-petition. On the trial of this case, the plaintiff offered and filed, on the 9th of April, 1923, in the original case last referred to, the following paper:

"Comes now Edward Matthews and hereby dismisses his cross-petition as filed in this action, without prejudice."

After the present action went to judgment in the lower court, the plaintiff, Matthews, served notice on all parties of the filing of said cross-petition, and notified all of them to appear at the succeeding term of court. This cross-petition involved identically the same matters involved in the present litigation,

and it is because of the service of the notice under the cross-petition that defendants insist that plaintiff has abandoned this appeal. It is apparent that Matthews intended, by the service of this last notice, to revive or give life to his cross-petition in the original foreclosure case; but, as shown by the record, he had already filed a dismissal of said cause, and this notice, to our minds, would be ineffectual in reviving said cause and re-establishing it in court for trial after it had been dismissed by him. We are, therefore, of the opinion that the rule announced in the above cited cases has no application to the case at bar.

As heretofore noted, the plaintiff offered no evidence to sustain the issue made by him that the Mahaska County State Bank or the sheriff had funds which should be applied to the payment of plaintiff's mechanic's lien. This leaves only the issue as to whether or not plaintiff is entitled to foreclosure of the mechanic's lien. The defendants met this issue by an alleged plea of former adjudication, claiming that it was threshed out in the original foreclosure case. To this we will turn our attention.

3. MECHANICS'
LIENS: foreclosure: adjudication and loss of right.

There is no question but that, in the original decree, the status of these respective parties was fixed: to wit, the Davis mortgage held by the Mahaska County State Bank was decreed first, the McKey-Fansher Company mortgage was second, the plaintiff's mechanic's lien third, and the mortgage deed secured by the Mahaska County State Bank from the Oskaloosa Savings Bank was fourth; but in the decree it was found that the plaintiff was entitled to judgment for the aggregate amount of $33,118.80, together with costs and attorney's fees. This aggregate sum was made up of the Davis mortgage and the Oskaloosa Savings Bank mortgage. The judgment entry was for this total amount, and it further provided that a special execution issue against the property of the defendants, to make said sum and accrued costs, and contained the following clause:

"That on and after the said day of sale the defendants and each and all of them and all persons claiming by, through, or under them are forever barred and foreclosed of all interests and equity in and to said mortgaged premises, except such rights of redemption as are specially provided by law."

As heretofore noted, the findings and decree of the court in no way made reference to the cross-petition; but, in view of the fact that Matthews, in his answer, pleaded all of the matters that he now relies on in the present case, it cannot be said that they were not matters in issue in that case, and it must follow that, when the court held against him on the issues thus made, and entered the decree containing the above provisions, it was the intent and purpose of the court to cut off all rights of the plaintiff except his right of redemption.

Plaintiff herein, Matthews, never appealed from said judgment. It is, therefore, a finality as against him. Further than this, the evidence shows that execution was issued on that judgment, and sale was had. The record is silent on the question of whether or not the appellant, Matthews, ever redeemed from said sale; but we must assume that, if he had redeemed from the sale, he would not have appealed. The plaintiff, Matthews, not having redeemed from said sale, had no further interest in the property, and has no right of foreclosure of his mechanic's lien thereon. *Hampton v. McKeehan*, 187 Iowa 1141; *Independent Sch. Dist. v. Pennington*, 181 Iowa 933; *Moller v. Gottsch*, 107 Iowa 238, and cases therein cited.

Again, it is the law of this state (Code of 1897, Section 4046) that a mechanic's lien holder cannot redeem until he has reduced his mechanic's lien to judgment. It is, therefore, quite apparent, under any view of this matter, that the plaintiff was not entitled to maintain this action.

The foregoing disposes of all rights of all the contending parties herein except the Quaintances. Briefly summarized, their situation in this case is this: While they deny that the contract between them and Matthews for the cement work was as he pleaded, they concede that the work was done, and claim that, after its completion, a dispute arose as to whether the work was in accordance with the contract, and that, to adjust this dispute, they executed the two notes amounting to $1,100, to which reference is hereinbefore made. These notes were not signed by Mrs. Quaintance. Following that, Matthews filed his mechanic's lien: The form thereof is not questioned, and the Quaintances first plead that the same was not filed, and that an action to foreclose

4. JUDGMENT: conclusiveness: non-adjudicated issues.

the same was not brought within the statutory time. A comparison of dates, however, eliminates this question from the case.

In the original action of the Mahaska County State Bank v. Cruzens et al., as heretofore recited, Matthews filed a cross-petition against his codefendants, among whom were the Quaintances. This cross-petition asked for foreclosure of the lien. The cross-petition was dismissed, and as between Matthews and the Quaintances, no issue was adjudicated in the final decree in that foreclosure case. In the case at bar, as between Matthews and the Quaintances, it is the ordinary action to foreclose a mechanic's lien. The Quaintances deny the contract on which Matthews based his lien, deny that the work was done in a workmanlike manner, and attempt to plead an accord and satisfaction by the execution of the aforesaid promissory notes for $1,100, and claim that Matthews is not entitled to a foreclosure of the mechanic's lien. Plaintiff introduced testimony tending to support the correctness of his contract and the validity of his lien. The Quaintances introduced no testimony. With this situation in the case, we are unable to understand why the Quaintances were entitled to a dismissal of plaintiff's case against them. It is true that similar issues were tendered in the original foreclosure case of the Mahaska County State Bank, by the cross-petition; but, as the same was never tried out, but was dismissed, what was done in that case would in no way disturb the relations and rights between Matthews and the Quaintances, and could not in any way be an adjudication of their respective rights as against each other. It must follow, therefore, that the ruling of the court on this matter, as between the Quaintances and Matthews, dismissing Matthews' petition, was erroneous, and is reversed. This results in a holding that, as between all parties except Matthews and the Quaintances, the case is affirmed. As between Matthews and the Quaintances, it is reversed.—*Affirmed in part; reversed in part.*

FAVILLE, C. J., and EVANS and MORLING, JJ., concur.