FRANK SCHNURR, Appellant, v. VIOLA BRAZELTON et al., Appellees.

No. 42444.

MARCH 6, 1934.

Mulvaney & Mulvaney and L. S. Forrest, for appellant.

Gillespie & Moody, for appellees.

DONEGAN, J.—At the outset, we are confronted by a motion of the appellees to dismiss the appeal in this case. To a proper understanding of this motion it is necessary that we set out some of the facts.

On April 15, 1933, the plaintiff filed his petition at law in which he alleged that the defendants had been engaged in conducting a banking business in the town of Ankeny, Polk county, Iowa, under the name of "Bank of Ankeny", that they had at various times received deposits of money belonging to the plaintiff, and that there was at that time due and remaining unpaid to plaintiff in the said bank conducted by the defendants the sum of $3,982 for which he asked judgment, with interest and costs. Plaintiff caused an original notice to be served on the defendants requiring them to appear and defend at the May term of the district court of Polk county, Iowa. On May 11, 1933, the defendants filed a special appearance and motion to quash service in which they alleged that they had been conducting a banking business as a partnership under the name "Bank of Ankeny" in the town of Ankeny, Iowa; that said Bank of Ankeny had been taken over by the Superintendent of Banking of the State of Iowa, under the provisions of what is known as Senate File 111 of the Forty-fifth General Assembly of Iowa (chapter 156), prior to the service of the original notice upon them and prior to the filing of the petition in this case; that said bank was and had been duly and legally under the management and in the possession of the Superintendent of Banking of the State of Iowa as provided in section 1 of said Senate File 111 at all times since prior to the service of said notice and filing of said petition; that under the provisions of said Senate File 111 said plaintiff and all creditors of defendants and the Bank of Ankeny have no remedy at law or in equity covering any transaction connected with said Bank of Ankeny; that plaintiff's rights or cause of action, if any, which he may have had on and prior to the taking over of the defendants and the Bank of Ankeny by the Superintendent of Banking of the State of Iowa, are now and have been suspended since prior to the service of said original notice and filing of petition in this cause; that the plaintiff has no right or cause of action at this time to institute a suit of any kind or nature against the defendants and the Bank of

Ankeny; that, because of these facts and the law applicable thereto under the provisions of said Senate File 111, the court has no jurisdiction either of the alleged subject-matter referred to in plaintiff's petition or of the defendants or any of them; and that the court should quash the service of the original notice in this cause and sustain defendants' special appearance.

On May 15, 1933, plaintiff filed a resistance to the defendants' special appearance and motion to quash, based on the ground that Senate File 111 was unconstitutional; and, on July 27, 1933, plaintiff filed an amendment to such resistance in which he alleged that the question raised by defendants' special appearance to the effect that Senate File 111 suspended plaintiff's remedies at law and in equity could not be raised by special appearance, that by appearing by counsel before the court the defendants had made a general appearance and given the court jurisdiction, and that whatever suspension of plaintiff's remedies might have existed because of the provisions of Senate File 111 has now become ineffective and null, for the reason that the said Bank of Ankeny has not been under the management and control of the Superintendent of Banking since the 6th day of July, 1933.

Hearing was had upon the defendants' special appearance and motion to quash and the plaintiff's resistance thereto. The trial court, by a written entry made August 29, 1933, found that Senate File 111 was constitutional, and, on September 11, 1933, entered the following order:

"Now on this day this cause comes on for hearing upon defendants Special Appearance and Motion to Quash Service and the court being fully advised in the premises Motion sustained."

On the 27th day of November, 1933, the plaintiff served notice of appeal, and on the 29th day of November, 1933, he filed his abstract of record in this court, and thereafter procured an order advancing the hearing on such appeal to the January term of this court.

In an amendment to abstract of the record filed by the plaintiff herein January 31, 1934, it appears that, following the order of the court sustaining defendants' motion to quash, the plaintiff filed an amended and substituted petition on October 20, 1933, and served an original notice upon the defendants advising them of the filing of such amended and substituted petition; that to this amended and

substituted petition the defendants appeared and filed a motion for a continuance, based on the provisions of Senate File 111; that plaintiff filed a demurrer to the defendants' motion for a continuance and also a resistance thereto; that on January 6, 1934, the court sustained the motion for continuance and overruled the demurrer thereto; and that, on the same day, January 6, 1934, the court caused to be entered the following judgment entry:

"On the 18th day of November, 1933, this cause came before the Court for argument upon the motion of the defendants for continuance, the plaintiff appearing by his attorney L. S. Forrest and the defendants appearing by their attorney John Gillespie and the Court having heard the arguments took the matter under advisement.

"The Court finds that the ruling heretofore entered in this cause, as well as the same ruling made in five associated cases, determined the issues of law raised upon this motion and the Court finds that the judgment heretofore rendered should not be changed, that Senate File 111 is constitutional.

"It is therefore the judgment of the Court that the ruling heretofore made in this cause holding that Senate File 111 is constitutional should stand as the judgment in the case and that the same should not be changed."

On the same day, January 6, 1934, the plaintiff herein served notice of appeal from the said judgment and ruling on motions.

It thus appears that, in the original abstract filed herein by the plaintiff-appellant, an appeal taken was from the order sustaining defendants' special appearance and motion to quash, and that in the amendment to abstract another appeal is presented to this court from the orders and judgment entry of the district court entered on January 6, 1934. It seems quite apparent that the defendants-appellees cannot be required at this time to meet the appeal from the orders and judgment entered on January 6, 1934. It seems equally apparent that, by filing the amended and substituted petition and serving a new original notice upon the defendants, after the entry of the order sustaining the special appearance and motion to quash the service of the original notice, and by the appearance of the defendants, the questions involved in the court's order and rulings in connection with such special appearance and motion to quash became moot. The defendants having appeared and plaintiff having

proceeded to prosecute the action against them after such appearance, any error in the court's ruling on the special appearance became immaterial. Moreover, a party cannot prosecute an appeal and at the same time prosecute an action in the trial court on the same cause of action. By instituting and prosecuting the action in the lower court he waives his right to prosecute the appeal. Liebuck v. Stahle, 66 Iowa 749, 24 N. W. 562; Petersen v. Strawn, 195 Iowa 527, 192 N. W. 250; Matthews v. Quaintance, 200 Iowa 736, 205 N. W. 361.

Some argument is made by appellant that the judgment entry of January 6, 1934, is a mere nunc pro tunc entry affirming the prior order of the court entered on August 29, 1933, in which Senate File 111 was found to be constitutional, and that the real judgment involved is that of August 29, 1933. The judgment entry of January 6, 1934, however, was made with reference to the proceedings had in the district court subsequent to the orders and rulings on appellees' special appearance and motion to quash, and constituted the holding of the district court in reference to appellees' motion for continuance and demurrer to appellant's resistance to such continuance, and, while it makes reference to the former holding of the court as to the constitutionality of Senate File 111, it was an adjudication as to matters subsequent to the court's former adjudication and could not be a mere nunc pro tunc order.

We think that the questions involved in the original appeal now before us are moot and that appellee has waived the right to prosecute such appeal.

The appellees' motion to dismiss this appeal will, therefore, be sustained and the appeal is hereby dismissed. It is accordingly ordered that the appeal set out in the original abstract and based upon the notice of appeal served on the 27th day of November, 1933, be, and the same is hereby, dismissed. Such dismissal, however, shall not be construed as in any way affecting the rights of the parties in connection with the appeal from the orders and judgment of the trial court entered on January 6, 1934.—Appeal dismissed.

CLAUSSEN, C. J., and EVANS, ALBERT, and KINDIG, JJ., concur.