STATE OF IOWA v. ELMER LEWIS, Appellant.

**Larceny:** VALUE OF PROPERTY STOLEN: EVIDENCE. The general market value of stolen property is to govern in determining its value in cases of larceny; but when the same has no general mar-

ket value the original cost may be shown, in connection with its condition at the time of the larceny, to prove its value when stolen.

**Same:** INSTRUCTION. An instruction that the jury must find the fair market value of the property at the time it was stolen, and could only consider the original cost for determining such value, was correct as applied to the circumstances of this case; and it will be presumed that the jury followed the instruction.

*Appeal from Clinton District Court.*—HON. D. V. JACKSON, Judge.

WEDNESDAY, NOVEMBER 17, 1909.

THE defendant was convicted of grand larceny, and appeals.—*Affirmed.*

*F. L. Halleran,* for appellant.

*H. W. Byers,* Attorney-General, and *Charles W. Lyon,* Assistant Attorney-General, for the State.

SHERWIN, J.—The defendant was convicted of stealing a case of surgical instruments and two cases of eyeglasses from a physician's office. On this appeal he presents but one question for our consideration.

Dr. Eberall, whose property was stolen, was used as a witness for the State, and his examination quite conclusively showed that he knew nothing about the market value of the surgical instruments, if indeed they had any secondhand market value at that time. On his examination he in fact stated that the instruments had a secondhand market value, and this he followed by stating that he did not know what the market value was at the time they were stolen. Notwithstanding this testimony, the court permitted the witness to testify as to the cost of these instruments at the time he purchased them, and their probable cost if pur-

1. LARCENY: value of property stolen: evidence.

chased new at the time they were taken. The defendant claims that the admission of this testimony was prejudicial error. It is, of course, true that the general market value of the property stolen is the criterion by which the jury is to determine whether the property stolen exceeds in value $20 or not; but this rule does not necessarily apply where the stolen goods have no general market value. In such cases the original cost of the goods may be shown in connection with their condition at the time of the larceny as tending to prove their value when taken. *State v. McDermet,* 138 Iowa, 86. While Dr. Eberall testified that the instruments had a general market value as second-hand instruments, the doctors called by the defendant were unable to fix such value without referring to the original cost of the several instruments. In other words, defendant's witnesses based their estimate of the market value on the cost of the instruments when new. This was in reality what Dr. Eberall did, and for that reason we think there was no prejudice on account of his testimony.

The jury found the value of the property taken to be $30. The value of the two cases of glasses might well have been found to be over $20, and adding to such sum 2. SAME: instruction. the lowest estimate of value placed on the case of surgical instruments would fix the value of the entire property at somewhere between $25 and $30. Hence the jury had before it sufficient evidence to warrant its finding, and this without considering the testimony of Dr. Eberall as to the value of the instruments.

Moreover, the court instructed the jury that they must find the fair market value of the property at the time it was taken, and that they could only consider the testimony as to the original cost thereof for the purpose of determining its fair market value when taken. We think the instruction was right under the circumstances, and it is to be presumed that it was followed by the jury.

No question is made as to the guilt of the defendant, and we are of the opinion that the judgment should not be disturbed because of the admission of the testimony to which we have referred.

The judgment will therefore be *affirmed*.