HERMAN PETERSEN, Appellant, v. CLAIR STRAWN, Appellee.

**APPEAL AND ERROR:** Right of Review—Instituting New Action. A
plaintiff may not appeal from a judgment in abatement of his action
when, immediately following said adverse judgment, he institutes a
new action on the same claim, under facts which avoid the former
plea in abatement.

*Appeal from Woodbury District Court.*—C. C. HAMILTON,
Judge.

MARCH 13, 1923.

THE defendant is the tenant of plaintiff. Plaintiff sued on
one of three rent notes of $437.50, upon which it was alleged
that there was $284, with interest, due. The notes were given in
connection with a written lease on the land. Plaintiff attaches
a copy of the note and the lease. A landlord's attachment was
asked, and the property attached. Plaintiff also sued for
damages to trees and shrubbery, and for failure on the part of
defendant to properly farm the crops. A clause in the lease
as to the amount of rent to be paid provides that defendant is
to pay "$12.50 per acre for all pasture and hay land, subject to
measurement." Defendant pleaded that the note and lease were
one and the same transaction, and should be taken and construed
together; that the note in question was given for pasture and
hay land, and given subject to the provision of the lease just
referred to; that he was ready and willing to pay plaintiff the
sum of $12.50 per acre for all pasture and hay land, whenever
the number of acres had been ascertained by measurement, as
provided by the lease, and offered to confess judgment for any
sum that would be due after the same had been measured, as
provided in the lease; that the premises have never been meas-
ured, and plaintiff has failed to have the same measured; and
that, therefore, the rent is not at this time due or payable. The
case was tried to a jury, and at the conclusion of the evidence,
the trial court struck from the record the note and evidence in
reference thereto, on the theory that the measurement of the
land was a condition precedent to the right of plaintiff to main-
tain the action. The court submitted other issues to the jury,
and they returned a general verdict for plaintiff for $1.00, and
answered interrogatories, first, that they allowed plaintiff $1.00
damages for injury to trees, etc., and allowed nothing on ac-
count of failure to farm the crops. Judgment was entered on
the verdict. Appellant makes no complaint on this appeal as
to the matters last mentioned.

Appellee makes a showing under Code Sections 4151 and

4152 (Supreme Court Rules, Sections 41 and 42), claiming that . appellant has no further right to prosecute the appeal. The showing is verified by affidavit, which is not denied by appellant. By this it appears that, a few days after the trial of the other case, and before plaintiff had perfected his appeal, plaintiff brought another action on the same note and lease, wherein plaintiff alleged in his petition that $81 had been paid on the note; that the hay and pasture land had been duly measured, and the amount of the same found to be 31½ acres; that there is due on the note $300.25; and that the action is commenced to recover rent accrued in one year on the premises described,— and asked that a writ of attachment issue for the enforcement of his lien. Appellee's showing also includes the defendant's answer and counterclaim to said suit, and shows that said new action is now pending in the district court.—*Appeal dismissed.*

*Free & Pickus,* for appellant.

*Prichard & Prichard, Prichard & Sears,* and *C. N. Jepson,* for appellee.

PER CURIAM.—Appellant cites *Cavanagh v. Iowa Beer Co.,* 136 Iowa 236, to support his contention that the provision of the lease was not a condition precedent. Appellee cites *Fink v. Chambers,* 95 Mich. 508, *Montgomery v. Hunt,* 93 Ga. 438, *Hickman v. Rayl,* 55 Ind. 551, and *Todd v. State Bank,* 182 Iowa 276 (3 A. L. R. 971), to sustain his contrary contention that the clause is a condition precedent. We deem it unnecessary to discuss that question, except to say that, in view of what was done, it should have been considered and should now be considered as an abatement, rather than in bar, in so far as it relates to the rent and measurement of the land. It is quite clear that appellant has no right to further prosecute the appeal. He may not have two suits pending in the courts for the same thing at the same time. The proceedings taken by him after the first trial, from which this appeal is taken, are in the nature of an abatement, or an abandonment of his right to appeal. Furthermore, he has acquiesced, not only in the judgment rendered in the other case, but in the very ruling of the trial court of which

he now complains, since in his second action he alleges that he has measured the land, as provided in the lease, and asks judgment for the number of acres shown by the measurement. The appeal is—*Dismissed.*