STATE OF IOWA, appellee, v. LAWRENCE LONG, appellant.

No. 51355.

(Reported in 130 N.W.2d 663)

October 20, 1964.

Heslinga & Heslinga, of Oskaloosa, for appellant.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, and Lake E. Crookham, of Oskaloosa, County Attorney, for appellee.

GARFIELD, C. J.—Defendant was tried before court and jury on a county attorney's information charging him with larceny of a pump of the value of more than $20 from a Montgomery Ward & Company's Farm Store. The jury found him guilty and fixed the value of the pump at $25. The court sentenced him to an indeterminate term not exceeding five years in the men's penitentiary. He has appealed.

Two groups of errors are assigned. The first is based on the delay in bringing the case to trial, the second on the manner and sufficiency of proof of the value of the stolen property. Sufficiency of the evidence of defendant's theft of the pump is not questioned.

The county attorney's information was filed April 22, 1963. Bail was fixed at $2000. Defendant appeared in district court on the same day, said he was without funds to employ an attorney and asked that one be appointed for him. Thereupon the court appointed an attorney to represent him. Defendant and his attorney appeared later the same day, waived arraignment and pleaded not guilty. Defendant did not furnish bail and was returned to jail to await trial.

The appointed counsel filed application to withdraw as such on September 6, 1963, stating a conflict had arisen between defendant and counsel as to the method of proceeding with the defense and he no longer desired to represent defendant. On September 15 the court approved the application and appointed his present counsel to represent defendant. On the same day the newly appointed counsel moved to dismiss the proceeding on the ground defendant had not requested a delay of his trial and more than 60 days had elapsed since he was informed against. The motion asserts it was made in accordance with section 795.2, Code, 1962, as amended by section 2, chapter 332, Laws of the Sixtieth General Assembly.

On September 16 the motion to dismiss was overruled. On September 19 present counsel sought defendant's release by habeas corpus on the same grounds asserted in the motion to dismiss just referred to. A writ of habeas corpus was denied on September 21. On October 2 defendant's counsel filed demand for immediate trial. The record shows no specific ruling on this demand.

The first term of court following the one in which the information was filed commenced October 7. An assignment of cases for trial was made that day. This case was then assigned for trial and tried on October 14. One other criminal case was tried before the present case and, of course, after defendant's demand for immediate trial was filed. On the morning of October 14 defendant filed a second motion to dismiss the proceeding on the grounds Code section 795.2, as amended by section 2, chapter 332, Acts 60th General Assembly, was violated and defendant was denied a speedy trial as provided by Amendment 6 to the Federal Constitution, and section 10, Article I, of the Iowa Constitution. As previously indicated, the motion was overruled.

I. We hold it was not error not to dismiss the information on the grounds urged by defendant.

Code section 795.2, prior to its amendment by the Sixtieth General Assembly, provided: "Delay in trial. If a defendant indicted for a public offense, whose trial has not been postponed upon his application, be not brought to trial at the next regular

term of the court in which the indictment is triable after the same is found, the court must order it to be dismissed, unless good cause to the contrary be shown."

Section 2, chapter 332, Acts 60th General Assembly, amends 795.2 by inserting after the word "triable" the words "or within sixty (60) days, whichever first occurs," and by adding this sentence thereto: "An accused not admitted to bail and unrepresented by legal counsel shall not be deemed to have waived his privilege of dismissal or be held to make demand or request to enforce a guarantee of speedy trial, and the court on its own motion shall carry out the provisions of this Act as to dismissal."

Before 795.2 was amended we held that to enjoy the privilege of a speedy trial an accused must make demand to the court for an early trial. If he failed to do so he waived the privilege of an early trial provided by the constitutions and our statutes as well, and it was therefore unnecessary for the State to show good cause for the delay in bringing the case to trial. Only after such demand had been made did the statutory provisions for an early trial become effective and place the burden on the State to show good cause for the delay. McCandless v. District Court, 245 Iowa 599, 604, 605, 61 N.W.2d 674, 677. See also Pines v. District Court, 233 Iowa 1284, 1296–1302, 10 N.W.2d 574, 581–583, and citations.

The dissenting opinion in the McCandless case is largely based on the thought that the rule which requires an accused to demand trial before he may claim his right to a prompt trial should not apply until he knows he has been charged with the crime. The question thus raised is not involved here.

The amendment, supra, to section 795.2 requires trial within 60 days after return of the indictment (or filing of the information) if the next regular term of the court is later than such 60 days. More than 60 days elapsed here. However, the amendment obviates the necessity of a demand for trial by the accused, in order to claim the benefit of a prompt trial, only if he has not been admitted to bail *and* is unrepresented by counsel. Although this defendant was not "out on bail" he was at all

times represented by counsel. The amendment to 795.2 therefore does not aid defendant here.

The Act of the Sixtieth General Assembly quite clearly indicates the legislature was fully aware of the rule requiring a demand by an accused for trial in order to be entitled to a speedy trial. By plain implication the legislature chose to leave such requirement intact except as to defendants not admitted to bail and not represented by counsel.

The Latin maxim "expressio unius est exclusio alterius" (the expression of one person or thing is the exclusion of others) is applicable. Dickson v. Fidelity & Cas. Co., 223 Iowa 518, 525, 526, 273 N.W. 102, 106; State v. Flack, 251 Iowa 529, 533, 534, 101 N.W.2d 535, 538, and citations; Holland v. State of Iowa, 253 Iowa 1006, 1012, 115 N.W.2d 161, 165. As stated, this defendant is not one of the class to benefit from the amendment.

██ ██ We must hold defendant's failure to demand trial prior to October 2 amounted to a waiver of his right to a speedy trial, as provided by Federal and State Constitutions and our statute, down to that date. The delay of twelve days in the trial after such demand was made was not such as to require dismissal of the indictment. The term did not commence until October 7. A contested trial is seldom commenced the first day or two of a term presided over by a single judge. One case was tried ahead of the present one. The considerations which led to the prior trial of the other case do not appear but it must be presumed there was reasonable basis therefor.

II. As previously indicated, the second group of errors relates to the proof of value of the stolen property. We find no reversible error in the respects urged.

At the time the pump was stolen, a price tag (exhibit 2) was attached to it showing the price was $31.50. The manager of the store from which the pump was stolen testified for the State, without objection, as follows:

"Q. I now hand you what's been marked State's Exhibit 2 and ask you if you can identify it. A. Yes, I can.

"Q. Would you tell what that is? A. That is the tag

that was on the pump. Montgomery Ward was the name and the price is $31.50.

"Q. And is this tag the ordinary method of marking merchandise in your store? A. Yes.

"Q. And how is that tag affixed to the merchandise with which it indicates the markings? A. It was affixed with a string.

"Q. Tied about a part of the pump? A. Probably around the grease cups there."

When the price tag was later offered in evidence as an exhibit defendant unsuccessfully objected to it mainly on the ground the price shown on it was merely the asking price and was incompetent to show value of the pump. Receipt in evidence of the exhibit added nothing to the testimony quoted above, received without objection. The ruling on the objection to the exhibit and the exhibit itself must therefore be deemed without substantial prejudice to defendant. State v. Mabrey, 245 Iowa 428, 432, 433, 60 N.W.2d 889, 892, and citations; State v. Olson, 249 Iowa 536, 560, 86 N.W.2d 214, 229; State v. Simpson, 254 Iowa 637, 644, 118 N.W.2d 606, 610; Reed v. Bunger, 255 Iowa 322, 122 N.W.2d 290, 298.

Aside from the above we think the ruling was not error. There is evidence $31.50 was not only the selling price of the pump but also its fair market value. The store manager had held that position fifteen years. The store handled a complete line of farm equipment, including pumps. The manager testified twice, the first time without objection, he knew the fair market value of the pump in Oskaloosa on or about the day it was stolen. When asked what such value was, the witness said it "sold for $31.50." Asked if that was the fair market value, the manager testified it was. Defendant's objection to this last question as leading was overruled and the ruling is assigned as error.

We are not inclined to reverse on the ground the court permitted an answer to a single leading question. Few reversals are based upon such a ground. It is never done except in a clear case of abuse of discretion. It frequently happens that because of the dullness of a witness leading questions are

necessary to elicit the information it is believed he is able to give. The trial court is in a better position than we to observe the circumstances that may justify the asking of such question and the presumption of judicial fairness and proper discretion will prevail unless there is a manifest showing to the contrary. There is no such showing here. See State v. Thomas, 158 Iowa 687, 688, 689, 138 N.W. 864. See also State v. Hiatt, 231 Iowa 643, 654, 1 N.W.2d 736, 741; Hackman v. Beckwith, 245 Iowa 791, 805, 64 N.W.2d 275, 284; 98 C. J. S., Witnesses, section 331b, pages 44, 45; 58 Am. Jur., Witnesses, sections 570, 571.

We may add that we think evidence of the selling price of this new pump was admissible as bearing on its fair market value. See State v. Lewis, 144 Iowa 483, 484, 485, 123 N.W. 168; State v. Brightman, 252 Iowa 1278, 1286, 1287, 110 N.W.2d 315, 320; 32 Am. Jur., Larceny, section 128, page 1039; 52 C. J. S., Larceny, section 118, pages 941, 942. The Lewis case holds it was not error to receive evidence of the probable cost of like property if purchased new at the time the used property was stolen.

■ We note that the jury was instructed, as we understand defendant requested, that the "value" of the stolen property meant its reasonable market value and was the price a person in the open market at the time and place in question would be willing to pay and the owner would be willing to accept as payment. Affirmance of the conviction in State v. Lewis, supra, seems to be based in part upon the giving of a somewhat similar instruction.

III. Although we find no reversible error we are moved to observe it is regrettable defendant was confined in jail about six months before trial.—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.