State of Iowa, appellant, v. Orville Lauren Olson, appellee.

Nos. 52244
52249.

OCTOBER 18, 1966.

Lawrence Scalise, Attorney General, Don Bennett, Assistant Attorney General, and Robert H. Baker, County Attorney, of Humboldt, for appellant.

Don J. Wilson, of West Des Moines, for appellee.

LARSON, J.—These appeals exemplify the wisdom of the old axiom, first be sure you are right, then go ahead. Counsel for the State says it tried an either/or approach to this problem in an effort to prosecute defendant for a public offense allegedly committed in that jurisdiction. Feeling aggrieved when it lost in both attempts, it appeals. Permission having been first obtained, these criminal appeals were consolidated for presentation. Actually they are two appeals and we shall consider them as such.

The facts are not disputed. On November 29, 1965, defendant was duly bound over to the Grand Jury on a charge of driving while intoxicated, fourth offense. Section 321.281, Code, 1962, as amended. Counsel stipulated "that since prior to preliminary hearing herein on the 29th of November, 1965, defendant has been represented at all times by legal counsel of his own choice and has been admitted to bail and free on such bail." No indictment followed, but on January 10, 1966, a County Attorney's Information was filed charging defendant with that public offense. On the same date he was arraigned and entered a plea of not guilty, but on the 7th of February, 1966, he moved to withdraw his plea and asked dismissal of the information for the reason that it had not been filed within thirty days as required in section 795.1, Code, 1962, as amended by section 1 of chapter 332, Acts of the Sixtieth General Assembly, now found in section 795.1, Code, 1966.

The State resisted the motion on the ground that defend-

ant had never requested an early indictment as required by section 795.1 of the Code, thus raising the vital question before us.

The trial court permitted defendant to withdraw his plea, and on February 11, 1966, dismissed the information holding that when no indictment was found or no information was filed against defendant within the thirty-day period after he was bound over to the Grand Jury, the court must order the prosecution dismissed unless good cause to the contrary be shown by the State, and that the State failed to make such a showing. The State appealed on April 12, 1966.

However, before this appeal was taken, on March 4, 1966, another County Attorney's Information was filed which again charged defendant with operating a motor vehicle while intoxicated. Again the defendant moved to dismiss, this time for the reasons (1) that the action was barred by the court's dismissal of the prior information, the charge being a misdemeanor and not a felony; (2) that the information previously dismissed charged the same offense, and there was no necessary order of resubmission issued by the court; (3) that having taken an appeal from the first dismissal, defendant deprived the district court of any jurisdiction to try him for this offense, and that a second information charging the same and identical crime is not allowable while final action on the first is still pending.

The State resisted this motion claiming the information charged a felony, not a misdemeanor, asserted that a new County Attorney's Information herein could be filed anytime within the limits of the Statute of Limitations, and that after a dismissal by the court a new charge may be filed whether the court orders it resubmitted or not.

On April 29, 1966, the court sustained defendant's motion to dismiss on each ground advanced, and the State appeal followed on May 4, 1966. This court consolidated the appeals on May 24, 1966.

Appellant contends the court erred in dismissing the first information because it had not been filed within thirty days after defendant had been bound over to the Grand Jury. We agree.

■ ■ I. Where one accused of a public offense is represented by counsel and is free on bond and does not demand or request an immediate disposition of the charge against him, he is deemed to have waived his privilege of dismissal within the statutory specified period, and the State is not required to show good cause for the continuance. Sections 795.1 and 795.2, Code, 1962, as amended, now sections 795.1 and 795.2, Code, 1966; State v. Gebhart, 257 Iowa 843, 134 N.W.2d 906; State v. Long, 256 Iowa 1304, 130 N.W.2d 663; State v. Jackson, 252 Iowa 671, 108 N.W.2d 62; McCandless v. District Court, 245 Iowa 599, 61 N.W.2d 674; Pines v. District Court, 233 Iowa 1284, 10 N.W.2d 574.

Code sections 795.1 and 795.2, we have said, are intended to implement Article I, section 10, of our Bill of Rights. We have consistently held that under the provisions of section 795.2, at least prior to the amendments by the Sixtieth General Assembly, a demand for a speedy trial must be made by a defendant; otherwise he will be deemed to have waived his right to a summary dismissal. State v. Long, State v. Jackson, McCandless v. District Court and Pines v. District Court, all supra. These provisions we labeled as shields, not swords, for use by the accused. It is true most of these pronouncements resulted from challenges directed to section 795.2, for section 795.1 seems to have suffered no previous direct attack. It is also true we said in State v. Gebhart, supra, that there may be a difference between the situation of one who has been indicted and does not demand a speedy trial under section 795.2, and another who has been charged and held without indictment under section 795.1, but it specifically stated that we have never so held. Apparently no serious questions were raised as to the meaning of section 795.1 as it appeared prior to the Sixtieth General Assembly. It then provided: "When a person is held to answer for a public offense, if an indictment be not found against him at the next regular term of the court at which he is held to *answer, the court* must order the prosecution to be dismissed, unless good cause to the contrary be shown." (Emphasis supplied.) As amended by chapter 332, section 1, of the Acts of the Sixtieth General Assembly, the words "or within thirty (30) days, whichever first occurs", were inserted between the words

"answer" and "the court", and this sentence was added to the section: "An accused *not admitted to bail and unrepresented by legal counsel* shall not be deemed to have waived his privilege of dismissal or be held to make demand or request to enforce a guarantee of speedy trial, and the court on its own motion shall carry out the provisions of this Act as to dismissal." (Emphasis supplied.)

Section 795.2, Code, 1962, was at the same time amended by inserting the words "or within sixty (60) days, whichever first occurs" before the words "after the same is found", and adding exactly the same sentence as appeared in 795.1 as amended.

This Act of the legislature quite clearly indicates it was fully aware of the rule this court had followed requiring a demand for action by the accused in order to be entitled to a trial or other court proceeding. Thus, as expressed in State v. Long, supra, by plain implication the legislature chose to leave such requirement as to section 795.2 intact *except* as to an accused not admitted to bail and not represented by counsel. Although Long was primarily concerned with section 795.2, we think it is also evident that the legislature considered the requirement and exception proper in both sections 795.1 and 795.2, for except for the difference in time for action, they now are practically the same.

We are not convinced there is any vital or persuasive distinction between these sections, and hold the legislature intended the same rule apply to each, i.e., that when one is free on bail and is represented by legal counsel, he must make demand for a disposition of the charge against him before his right to have a speedy trial is violated.

As we carefully pointed out in State v. Gebhart, supra, it is difficult to believe the legislature, in enacting section 795.1, intended to exonerate an offender from the consequences of his crime because of a failure of the prosecution to proceed against him within the time limit, especially if the accused is not incarcerated and has the assistance of counsel. In such cases he should demand prompt action if that is desired and thought feasible by his counsel. The choice is his. He is not seriously

prejudiced by the uncertainty attendant to an accusation of a public offense. An indictment or information may or may not materialize, and he may wisely choose to allow a sleeping dog to lie. On the other hand, when his liberty is restrained and he is without advice of legal counsel, defendant will be seriously prejudiced and the period of waiting cannot exceed that established by the policy-making body of the State, the legislature, without good cause.

In State v. Long, supra, 256 Iowa at 1307, 130 N.W.2d at 665, we expressed it thusly, "the amendment obviates the necessity of a demand for trial by the accused, in order to claim the benefit of a prompt trial, only if he has not been admitted to bail *and* is unrepresented by counsel."

Defendant here was out on bail and was represented by legal counsel. He made no demand that the State make prompt disposition of the charge under which he was held, and the State therefore was not required to show good cause for the delay. This does not mean one should demand he be indicted or charged with the offense set out in the preliminary information. It simply means, if he and his counsel deem it to his benefit to have an early disposition of the matter, he must make the demand. If he thinks it best to let it expire on the desk of the authorities while he is free on bond, he may do so. To the incarcerated the shielding time limit set by the legislature is adequate and just. Certainly the represented accused out on bail should not be able to use this law as a sword to escape prosecution for a crime, serious or otherwise, which he has committed against the public. We, therefore, conclude the interpretation given section 795.1 by the trial court was incorrect and that it erred in dismissing the first information against defendant. In accordance with the provisions of section 793.20, Code, 1962, this judgment must be reversed.

II. While academically the issues raised in the second appeal might be of interest to the bench and bar, in view of our decision in the first appeal we find it unnecessary to consider them in detail here.

It is well settled and established that when a notice of appeal is given, the trial court ordinarily loses jurisdiction and

it immediately becomes lodged in this court. McCauley v. Municipal Court of Des Moines, 254 Iowa 1345, 121 N.W.2d 96; State of Iowa v. Dakota County, Neb., 250 Iowa 318, 93 N.W.2d 595, 598; Tucker v. Heaverlo, 249 Iowa 197, 86 N.W.2d 353, 360; Scheffers v. Scheffers, 241 Iowa 1217, 44 N.W.2d 676, 681; Wernet v. Jurgensen, 241 Iowa 833, 43 N.W.2d 194, 196; Pilkington v. Potwin, 163 Iowa 86, 144 N.W. 39.

██ ██ All the State asked here was that it be allowed to try the defendant once on the charge filed against him. Obviously, when the State first appealed, sole jurisdiction of the cause was in this court as appellee contended, and until that appeal is disposed of a second action for the same offense could not be maintained, and we must hold that the trial court was correct in sustaining defendant's motion to dismiss and in dismissing the second information. This is not to say that after the final disposition of the first information a new one could not be filed, providing of course the Statute of Limitations had not run. State v. Gebhart, supra, 257 Iowa 843, 134 N.W.2d 906. It is also true, as appellee contends, two informations charging the same offense cannot be maintained at the same time.

██ III. Appellee filed two motions to dismiss the first appeal, and perhaps we should have considered them at the start. The first one contended this court lacks jurisdiction to consider the appeal because under the record it appears the State irrevocably waived its right to appeal by filing a new information on March 4, 1966, which was prior to its appeal of the first dismissal on April 12, 1966. We ordered this and a second motion to dismiss for late filing submitted with the case. Neither motion has merit and must be overruled.

Although the contention that the State waived its right to appeal the first dismissal by filing the second information is an ingenious attempt by counsel to avoid any trial of this matter, we find nothing except the order in which these matters were filed to indicate any such intention. On the other hand, the State's procedure clearly shows no inclination to abandon its charges against defendant. It may have been overeager to avoid the statutory bar, but we find no prejudice to defendant

such as double jeopardy by this procedure. He is entitled to no more than one fair trial on the charge against him, and in order to avoid that trial the alleged waiver must appear to be in the nature of an abandonment or involve the principle of estoppel where the acts of the State prejudice him. We are slow indeed to turn loose one charged with a public offense on such a legalistic technicality, especially when appellee argued successfully that the second information was barred because an effective appeal had been taken. It would seem any waiver, abandonment or estoppel theory would be more applicable against him here. Thus we feel this error in filing the new information before the validity of the first was finally determined, if it was an error, should not be a vehicle for avoiding a trial on the merits of the offense charged.

We have carefully examined the two cases cited by appellee, but do not find them applicable. Both are civil cases where the court found the second action commenced on the same cause, and which was allowed to proceed, was an abandonment of the position taken in the action appealed, and that prejudice to the movant would result by allowing that appeal to proceed. See Ritchey v. Davis, 180 N.W. 150, not reported in the Iowa Reports, and Petersen v. Strawn, 195 Iowa 526, 192 N.W. 250. Also see Schnurr v. Brazelton, 217 Iowa 1125, 1129, 253 N.W. 152, and annotations in 115 A. L. R. 121, relating to civil matters. In the Schnurr case this statement appears, "Moreover, a party cannot prosecute an appeal and at the same time prosecute an action in the trial court on the same cause of action. By instituting and prosecuting the action in the lower court he waives his right to prosecute the appeal." If this rule applies in criminal matters, we note herein at appellee's insistence the State was *not* permitted to prosecute the second information in the district court for the reason inter alia that the first appeal was in effect. In any event we cannot extend this rule to cover the situation where, as here, appellee obtained a dismissal of the second information before trial on the ground that the prior proceedings had *not* been terminated. He suffered no prejudice and failed to prove abandonment.

IV. Since we reverse on appellant's first appeal and af-

firm the court on the second appeal, the costs here are to be divided equally.

Reversed on appellant's first appeal and affirmed on its second appeal.

All JUSTICES concur.