STATE of Iowa, Appellee,

v.

Kenneth LINDLOFF, Appellant.

No. 53078.

Supreme Court of Iowa.

Oct. 15, 1968.

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen., and E. W. Henke, County Atty., for appellee.

Keith S. Noah, Charles City, for appellant.

LARSON, Justice.

The sole issue raised by this appeal is whether the trial court erred in overruling the defendant's motion to dismiss these proceedings for the reason that he was not afforded his right to a speedy trial as provided by section 795.1 of the Code of Iowa.

The facts are not in dispute. On August 2, 1967, a preliminary hearing was held in Justice of the Peace Court pursuant to an information filed by a deputy sheriff of Floyd County, Iowa, charging Kenneth Lindloff did in Floyd County, Iowa, commit the crime of lascivious acts with a child in violation of section 725.2 of the 1966 Code. Defendant was at all material times represented by counsel and was free on bond. He was bound over to the district court and, when no indictment was returned by September 13, 1967, he moved to dismiss the charge for the reason that no action had been taken against him within 30 days after he had been held to answer for a public offense. On October 10, 1967, a county attorney's true information was filed charging defendant with the aforementioned crime. The next day the trial court overruled defendant's motion to dismiss and defendant entered a plea of not guilty to the charge. Trial was had on November 27, 1967, wherein defendant's motion to dismiss was renewed and overruled. The jury returned a verdict of guilty, and on November 30, 1967, judgment was entered sentencing defendant to the Iowa State Penitentiary for a term not to exceed three years.

Appellant contends reversible error was committed by the overruling of his motion to dismiss because more than 30 days passed after he had been held to answer for a public offense without a grand jury indictment or a county attorney's information being filed against him, and that the State had not shown good cause for this failure. He contends his motion to dismiss was a timely demand for a speedy trial, all as provided in section 795.1 of the Code. We cannot agree.

In overruling defendant's motion, the trial court apparently found the State had shown "good cause" for the delay in filing a charge against defendant in the district court. Although under this record we have serious doubts good cause was shown for a delay, for reasons hereafter stated we do not determine this question.

I. Section 795.1 of the 1966 Code of Iowa, as amended by section 258, chapter 400, Laws of the 62nd General Assembly, provides:

"When a person is held to answer for a public offense, if an indictment be not

found against him within thirty days, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown. An accused not admitted to bail and unrepresented by legal counsel shall not be deemed to have waived the privilege of dismissal or be held to make demand or request to enforce a guarantee of speedy trial, and the court on its own motion shall carry out the provisions of this section as to dismissal."

Section 795.2 of the 1966 Code was likewise amended by deleting the words "at the next regular term of the court in which the indictment is triable or" and "whichever first occurs", so as to provide a trial within sixty days after the indictment is found. The last sentence, like that in section 795.1, remained the same.

■ In State v. Olson, 259 Iowa 756, 760, 145 N.W.2d 645, 647, we considered these sections of the Code and said: "Where one accused of a public offense is represented by counsel and is free on bond and does not demand or request an immediate disposition of the charge against him, he is deemed to have waived his privilege of dismissal within the statutory specified period, and the State is not required to show good cause for the continuance." Also see State v. Gebhart, 257 Iowa 843, 134 N.W.2d 906; State v. Long, 256 Iowa 1304, 130 N.W.2d 663; State v. Jackson, 252 Iowa 671, 108 N.W.2d 62; McCandless v. District Court, 245 Iowa 599, 61 N.W.2d 674; Pines v. District Court, 233 Iowa 1284, 10 N.W.2d 574. We said those sections are intended to implement Article I, Section 10, of our Bill of Rights, that they provide a shield, not a sword, for an accused. We pointed out the object of these statutes was to require the disposition of accusations or charges against one held in jail and unrepresented by counsel within the times specified, and these statutes unmistakably provide that when not done the charge must be dismissed on motion or on the court's own motion. It was observed that when the 60th General Assembly amended these sections to include the sentence, "An accused not admitted to bail and unrepresented by legal counsel, shall not be deemed to have waived his privilege of dismissal or be held to make demand or request to enforce a guarantee of speedy trial, and the court on its own motion shall carry out the provisions of this section as to dismissal", it indicated awareness of the rule this court had followed requiring a demand for action by an accused represented by counsel and free on bond.

■ We also said in State v. Long, supra, 256 Iowa 1304, 1308, 130 N.W.2d 663, 665: "By plain implication the legislature chose to leave such requirement intact except as to defendants not admitted to bail and not represented by counsel." By so doing, it adopted this court rule as to both sections 795.1 and 795.2 of the Code. We need not again review these pronouncements or the cases cited in Olson. However, it must be noted that since the Olson case the 62nd General Assembly again considered these sections and did not change the sentence we construed in Olson to require a demand or request for a disposition of the charge against one out on bail and represented by legal counsel in order to terminate any waiver of his dismissal privilege. It must, therefore, be assumed our interpretation of these statutes met the legislative intent and that the legislature desired no change in that rule. In other words, until such a represented person files a request or makes a demand for a disposition of the matter for which he is held to answer, the State is not required to formalize the charge or try the case within the time period specified in sections 795.1 and 795.2 of the Code. The State here contends that since no demand as such was made for the disposition of this matter prior to defendant's motion to dismiss, the motion was premature. We must agree.

II. Appellant, however, contends he made a timely demand for a speedy trial by filing his motion to dismiss on the grounds set forth in section 795.1 of the Code, that this was 42 days after he had been held to answer for a public offense,

and that 27 days elapsed after his motion was filed before the county attorney's information was filed.

 A motion to dismiss is not a demand or request for a speedy trial. Latson v. State, 1 Storey, Del., 377, 146 A.2d 597, 602; Pietch v. United States, 10 Cir., 110 F.2d 817, 819, 129 A.L.R. 563, 567. As pointed out in these cases, a person charged with a crime cannot assert with success that his right to a speedy trial guaranteed by the constitution has been invaded unless he asked for a trial. In Pietch v. United States, supra, it was said: "In the absence of an affirmative request or demand for trial made to the court it must be presumed that appellant acquiesced in the delay and therefore cannot complain." In Pietch there is also a motion to dismiss, not a demand for trial, and the court held it insufficient.

If we should accept appellant's contention that his motion apprised the court that he did not waive the privilege of a prompt disposition of the charge against him and amounted to notice of that fact to the State, even then the county attorney's information was filed within 30 days after the notice and therefore timely.

In other words, under section 795.1 and our decisions, when a person admitted to bail and represented by counsel is bound over to the district court charged with a public offense, he may choose to await the outcome of grand jury and county attorney deliberations on his case, or he may demand a prompt disposition of the charge, in which case the State must within 30 days thereafter charge him with the crime by indictment or county attorney's information. If this is not done, then defendant must move to dismiss the charge upon the grounds set forth in section 795.1 *before trial.* See State v. Allnutt, Iowa, 156 N. W.2d 266, 269.

We find no request or demand for a speedy disposition of the accusation against the defendant prior to the motion to dismiss. We do find a county attorney's information charging him with a public offense within 30 days after the motion to dismiss was filed. We must, therefore, conclude the motion was properly overruled and there was no reversible error committed by the trial court in so doing, even though the reason given by it may have been invalid. This being true, we find it unnecessary to determine whether the State had shown "good cause" for any delay in filing a charge against defendant in the district court, and the case must be affirmed.

Affirmed.

All Justices concur.