**STATE of Iowa, Appellee,**

v.

**Henry BRADFORD, Appellant.**

**No. 53035.**

Supreme Court of Iowa.

March 10, 1970.

James A. Jackson, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Michael J. Laughlin, Asst. Atty. Gen., Ray A. Fenton, County Atty., and James McKeon, Asst. County Atty., for appellee.

MOORE, Chief Justice.

Defendant, Henry Bradford, was indicted, tried, found guilty and sentenced to 10 years in the state penitentiary for the crime of assault with intent to commit rape in violation of Code section 698.4.

On this appeal defendant asserts the trial court erred in failing to submit assault and battery as an included offense and in permitting leading questions to be propounded to the prosecutrix. We affirm.

About 9:30 p. m. August 12, 1967, Linda Hickman, age 13, and her younger brothers and sisters were sitting on the front porch of their home when defendant drove up in his automobile and asked them to go for a ride. They accepted and he drove two blocks to near his apartment where he asked Linda to help move some of his sister's personal property out of the apartment. The other children remained in or near defendant's automobile. Soon thereafter they heard Linda screaming and a brother ran home to get Linda's mother.

When the mother arrived at defendant's second floor apartment the door was locked, she heard Linda crying, she knocked on the door and called to Linda. She then forced the door open, no lights were on in the room, defendant went out an open window onto an adjacent roof and was later arrested some distance from the scene. Linda was standing near the door with no clothes on when her mother gained entrance. Subsequent medical examination revealed no evidence Linda had been penetrated.

Linda related to her mother the details of the events in the apartment and later repeated them under oath before the grand jury. At the trial, under surroundings which were of course strange to her, Linda gave no response to several questions propounded to her by the assistant county attorney. The trial court carefully advised her to listen and answer the questions but she continued to make no response particularly regarding the events which occurred in the apartment. The record sets out the details of the questions propounded and some answers made by her before the prosecutor's request he be permitted to ask leading questions was granted. Review of the record clearly indicates Linda was dull, timid, embarrassed and reticent. In response to leading questions she related the events in defendant's apartment. She testified he took off his pants, came over to her and removed her blouse, shorts, brassiere and panties and then took her over to the bed. She stated defendant got on top of her and she could see his penis which was "straight out".

I. The trial court submitted three forms of verdict, guilty of assault with intent to commit rape, guilty of assault and not guilty. The jury returned a verdict finding defendant guilty of assault with intent to commit rape.

Instruction 5 after defining "carnally know and abuse" then stated: "An 'assault' is an attempt or offer to do personal injury to another with force and violence, together with the present apparent ability to carry the same into effect.

"A 'battery' is a completed assault."

Instruction 6, to which defendant made no objection, set out these elements of the crime named in the indictment: "1. That Linda May Hickman was assaulted. 2. That the defendant made the assault upon her with intent on his part to have sexual intercourse with her. 3. That said act was committed in Polk County, Iowa, on or about August 12, 1967."

Instruction 7 stated: "The allegations of the indictment include not only the offense of assault with intent to commit rape, but also the lower offense of simple assault.

"You will convict the defendant of the highest of said offenses of which he is proven guilty beyond a reasonable doubt, and you will acquit him of either or both of said offenses of which he is not so proven guilty."

Defendant argues the trial court erred in failing to submit assault and battery as an included offense. We do not agree.

We have repeatedly held reversible error will not appear because of failure to submit included offenses unless two elements concur: (1) the claimed included offense must be necessarily included in the offense charged; and (2) the record must contain evidence justifying a finding of such included offense rather than of a higher offense. State v. Pilcher, Iowa, 158 N.W.2d 631, 633; State v. Everett, Iowa, 157 N.W.2d 144, 148, 149, and citations.

In State v. Everett, supra, at page 149 of 157 N.W.2d, we say: "If a lesser related offense contains elements which are different from those required to prove a greater related offense, the lesser offense is not a 'necessarily included offense' even though the evidence in the case would amply support a conviction of either. State v. Meyers, 256 Iowa 801, 804, 129 N.W.2d

88, 90; State v. McCall, supra, 245 Iowa (991) loc. cit. 1000, 63 N.W.2d (874) loc. cit. 879." Such is the case at bar. Defendant was indicted for assault with intent to commit rape. A battery is not a necessary element of that charge.

State v. Pilcher, supra, on which defendant heavily relies is readily distinguishable. There defendant was charged with rape. That offense necessarily includes the element of a battery and as we say in Pilcher assault and battery is an included offense in a charge of rape.

II. In State v. Torrence, 257 Iowa 182, 190, 131 N.W.2d 808, 812, 813, we approved the allowance of leading questions asked of the prosecuting witness relating to intimate details of rape as well within the sound discretion of the trial court. We therein quote this from 98 C.J.S. Witnesses § 331: "Notwithstanding the general rule against leading questions, the control of such matters is largely within the sound discretion of the trial court. Stated otherwise, the extent to which leading questions may or may not be permitted is primarily subject to the control of the court in the exercise of its sound discretion, which may, in the exercise of such discretion, in criminal as well as in civil cases, allow such questions to be put to a witness when it deems such course necessary or advisable, * * *."

■ The trial court is in a better position than we to observe the circumstances that may justify the asking of leading questions and the presumption of judicial fairness and proper discretion will prevail unless there is a manifest showing to the contrary. State v. Fiedler, 260 Iowa 1198, 1202, 152 N.W.2d 236, 239; State v. Theodore, 260 Iowa 1038, 1045, 150 N.W.2d 612, 616; State v. Long, 256 Iowa 1304, 1310, 130 N.W.2d 663, 666, and citations.

■ Our review of the record here reveals no basis for a holding the trial court erred in permitting the assistant county attorney to propound leading questions.

Defendant's second assigned error is untenable.

We find no reversible error. Affirmed.

All Justices concur, except UHLENHOPP, J., who takes no part.