John G. GRODT and Margery
F. Grodt, Appellants,

v.

Bobby DARLING, Appellee.

No. 89–1322.

Court of Appeals of Iowa.

April 23, 1991.

Michael J. Galligan, of Galligan & Conlin,
P.C., Des Moines, for appellants.

Henry A. Harmon, of Grefe & Sidney, Des Moines, for appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and HABHAB, JJ.

HABHAB, Judge.

John Grodt and Bobby Darling were involved in an automobile accident. Grodt and his wife sued Darling for damages resulting from the accident. Following trial, the jury returned a verdict in favor of Darling, finding Grodt sixty percent at fault and Darling forty percent at fault. The jury also returned a verdict in favor of Darling on the loss of consortium claim of Grodt's wife.

The Grodts appeal. First, they contend the district court erred when it instructed the jury in the absence of counsel to return and complete one of the verdict forms. As it relates to this claim, the parties had agreed to a sealed verdict. At the conclusion of their deliberation, the jury informed the court attendant that it had reached a verdict. The jury returned to the courtroom and the judge asked the foreperson if the jury had reached verdicts on the claims of both plaintiffs. The foreperson stated that it had. However, when the verdict forms were given to the judge, he noticed that the jury failed to complete the verdict forms for Margery Grodt's claim. The judge then told the jury to return to the jury room and complete the verdict forms. It is here the Grodts claim the judge should have notified counsel of the incomplete verdict forms and given counsel an opportunity to be heard on what they assert is a further instruction to the jury.

The Grodts next argue the district court erred in refusing to grant a new trial based on the jury's failure to award loss of consortium damages to Margery Grodt. They contend there was substantial evidence to support such an award.

The Grodts further assert the jury instructions were incomplete. They claim the jury should have been instructed on the proper method for making a left turn. Finally, the Grodts contend the district court erred by excluding testimony by their witness concerning left turns.

## I.

We first address the plaintiffs' contention the trial court erred by instructing the jury outside the presence of counsel. We note here the attorneys agreed that after the jury had reached a verdict the court was to notify counsel as to the result.

The court followed the procedure agreed to by counsel. The jury returned to the courtroom. The judge questioned the foreman as to whether the jury had reached verdicts as to the claims of both plaintiffs. The foreman responded that it had. After the verdicts were handed to the judge, he noticed that the jury had failed to complete the verdict form with regard to Margery Grodt's consortium claim. The court then sent the jury back to complete the form.

Clearly, the jury had, through mere inadvertence, failed to complete the jury form. It simply made a ministerial error of omission. We do not believe that either party seriously challenges the right and duty of the court to order the jury to resume deliberations to correct this problem. *See* Iowa Code § 668.3(6).

The Iowa Supreme Court has addressed part of the problem here by saying:

[N]o good reason exists in law why the court should not recall and send back a jury to correct a manifest error in form, or supply an omission of some matter necessary to the verdict as found, and thus complete the verdict, to the end that the party favored by the finding as made may have the full benefit to which thereunder, and in law, he is unquestionably entitled.

*Rutledge v. Johnson*, 282 N.W.2d 111, 114 (Iowa 1979).

Here, the court had the jury before it. The jury had not been discharged. The court noticed the omission and took immediate action. Although *Rutledge* does not completely resolve our problem, the supreme court found no error where the trial court recalled the jury to correct omissions from a verdict returned the previous night. *Id.* at 113. The court found such omission

to be correctible since a decision had been previously reached by the jury but inadvertently was not recorded. *Id.* at 114–15. Here, the jury foreman stated that a decision had been reached as to both plaintiffs' claims. Since the omission was noticed prior to the time the jury was excused, the judge asked it to reconvene in order to complete the form. The supreme court has upheld the recall of a jury under such situations:

> The jury was not recalled to pass upon any question of right left undetermined by it, but simply to complete its work by making calculation of the amount due defendant. It is not conceivable that the performance of this duty could have been influenced by the matters relied upon as constituting prejudice.

*Oxford Junction Savings Bank v. Cook,* 134 Iowa 185, 194, 111 N.W. 805, 808 (1907).

We are unable to find that this communication by the trial judge resulted in prejudice to the plaintiffs requiring reversal. *State v. Fiedler,* 260 Iowa 1198, 152 N.W.2d 236 (1967). Further, "[w]hen misconduct is asserted as a ground for a new trial, it must appear from the record that the misconduct caused prejudice to the moving party or that a different result would have been probable but for such misconduct." *McConnell v. Aluminum Co. of America,* 367 N.W.2d 245, 248 (Iowa 1985).

Since we find no prejudice to the plaintiffs, we need not necessarily address the question as to whether the action taken by the trial court constituted an instruction or was merely a statement or direction as to their further duty. We do know that not every communication between a judge and jury is an instruction. As our supreme court has stated:

> [G]eneral directions to the jurors as to their duty, not having any bearing upon the evidence which they are to consider and the law applicable thereto, are not instructions such as are required to be in writing under statutory provision is illustrated by many cases. Stated otherwise not every communication between judge

and jury subsequent to the jury's retirement to deliberate on a verdict is an instruction.

*State v. Fiedler,* 152 N.W.2d at 242.

We are unable to find that the plaintiffs were prejudiced by this action. We conclude the plaintiffs are not entitled to a new trial on this issue.

## II.

■■■■ The plaintiffs next contend the trial court erred in denying a new trial on the jury's denial of damages to Margery Grodt. An inadequate award merits a new trial as much as an excessive one. Iowa R.Civ.P. 244(d). When the verdict is manifestly inadequate, we consider the refusal of the district court to grant a new trial an abuse of discretion that is subject to reversal. *DeMoss v. Brown Cab Co.,* 218 Iowa 77, 78, 254 N.W. 17, 18 (1934). The question of whether damages in a particular case are inadequate turn on the particular facts of that case. *Householder v. Town of Clayton,* 221 N.W.2d 488, 493 (Iowa 1974). If uncontroverted facts show that the amount of the verdict bears no reasonable relationship to the loss suffered, the verdict is inadequate. *Id.* If a reasonable jury could determine from the facts presented that the loss was insufficient to support a money award, the court has not abused its discretion in refusing to grant a new trial. *Brunson v. Winter,* 443 N.W.2d 717, 720–21 (Iowa 1989).

■■■ The evidence showed that Mr. Grodt, who was sixty-nine at the time of the accident, had been suffering from a progressive form of hereditary spastic paraparesis. Additionally, the evidence indicated Mr. Grodt had given up many activities prior to the accident due to this disability. It was shown that he had used forearm walkers prior to the accident and had complained of previous neck pain and incontinence prior to the accident. From the evidence presented, we believe a reasonable jury could find, as it did here, that the claimant's loss was insufficient to support a money award. We do not believe the trial court abused its discretion in refusing to grant a new trial on this issue.

### III.

The plaintiffs also argue the trial court erred in failing to instruct the jury with regard to left turns and it erred in excluding testimony by their witnesses concerning left turns. When the accident occurred, the plaintiff-driver was not yet making a left turn. He had just pulled across one lane of traffic and appeared to be moving towards the median. There was not substantial evidence regarding the making of a left turn. It has often been stated that it would be error to instruct upon an issue having no substantial evidential support or which rests only on speculation. *Miller v. International Harvester Co.,* 246 N.W.2d 298, 300–01 (Iowa 1976).

It is the general rule in Iowa that a party is not entitled to a particular instruction, but only to an instruction that adequately states the law as applied to the facts. *Stover v. Lakeland Square Owners Assoc.,* 434 N.W.2d 866, 868 (Iowa 1989). Here, the court did that. The court gave instructions on proper stopping procedure and additionally gave an instruction that provided it was proper to stop a vehicle within an intersection if it is necessary to avoid conflict with traffic. We find these instructions to be proper.

The remaining question is whether the trial court erred in refusing to allow the plaintiffs' expert witnesses to testify regarding left turns. With regard to the exclusion of evidence, our supreme court has stated:

> We will reverse the trial court's determinations on the issue of admissibility of evidence only when we find a clear abuse of discretion.

*Gail v. Clark,* 410 N.W.2d 662, 672 (Iowa 1987).

In this case, the plaintiff asked his experts to specifically give their opinion with respect to the proper way to make a left turn and their personal observations with regard to left turns at the Guthrie and Dixon intersection. The plaintiffs contend they should have been allowed to ask these questions because the defense had already "opened the door" to a discussion regarding left turns.

We agree with defendant, however, that the door was not opened. The defendant's cross-examination of plaintiffs' expert was limited merely to stopping in a main traveled lane. According to the record, at no time did defendant specifically question the experts with regard to a left turn. We find the trial court did not abuse its discretion in sustaining objections to those questions.

AFFIRMED.