STATE OF IOWA, Appellee, v. RAY STAFFORD, Appellant.

No: 46837.

JULY 29, 1946.

F. S. Finley and George O. Van Allen, both of Mount Pleasant, for appellant.

John M. Rankin, Attorney General, Charles H. Scholz, Assistant Attorney General, and Ben A. Galer, County Attorney, for appellee.

MANTZ, J.—On October 5, 1945, the grand jury of Henry County, Iowa, indicted Ray Stafford for the crime of assault with intent to commit murder, said offense being allegedly committed in said county upon his wife, Anna Stafford, on June 18, 1945.

On October 8, 1945, defendant entered a plea of not guilty and on October 17, 1945, by written motion stated that he withdrew said plea and filed a motion to set aside the indictment. This motion was resisted by the State and was overruled and denied on the same day. The jury found the defendant guilty of the crime of assault with intent to inflict great bodily injury.

The defendant made no motion for a new trial or in arrest of judgment or exceptions to the instructions. On November 16, 1945, the court pronounced sentence and an appeal to this court was perfected by the defendant on November 16, 1945.

In asking for a reversal appellant claims but two errors, which are as follows:

(1) The court erred in not sustaining defendant's motion to set aside the indictment.

(2) The court erred in allowing the State to introduce evidence of what defendant's wife said the next morning after the alleged assault, for the reason that such testimony was a narrative of the events of the night before and was no part of the res gestae.

The argument in support of these two claimed errors is set forth in less than two pages of the printed argument. There was no oral argument at the time of the submission. No authorities are cited, either in statement of errors claimed or in argument.

When the State rested, and later, when all the evidence was offered, appellant moved for a directed verdict in his favor. Both motions were overruled. This motion, in substance, assails the sufficiency of the evidence to warrant the court in submitting the case to the jury.

Before considering the errors claimed, we might say that we have gone over the entire record, including the testimony of the various witnesses and are of the opinion that the verdict of the jury has ample support.

I. The first error claimed and set forth above is that the court erred in not setting aside the indictment. This motion was made after appellant had entered a plea of not guilty. Turning to such motion as made by appellant on October 17, 1945, we find the same divided into four paragraphs.

Paragraph one of such motion recites that two witnesses, Herman Mabeus and Ann Stafford, were examined before the grand jury and that their names were not endorsed on the indictment; paragraph two recites that the minutes of the testimony of such witnesses were not returned with the indictment; paragraph three seems to be somewhat contradictory. It recites that during the investigation of this charge there were two persons before the grand jury, to wit, Herman Mabeus and Ann Stafford, who were not required or permitted by law to be present.

Appellant offered no evidence to support this claim. Neither Herman Mabeus nor Ann Stafford testified at the trial. The name of neither is endorsed upon the indictment and there are no minutes of their testimony returned with it. So far as we can ascertain from the record neither of such persons was examined before the grand jury. The record fails to show that either of these persons was tendered as a witness and there is a lack of showing that any testimony which they might have given was material. While section 776.1 Code, 1946 (section 13781, Code, 1939), requires the sustaining of a motion to set aside an indictment where the names of all of the witnesses examined before the grand jury are not endorsed thereon, and the minutes of the testimony given by such witnesses are not returned therewith, still we think that such legal requirement applies only where the grand jury is of the opinion that such testimony was material. In other words, the grand jury would be the judge of whether such testimony was material. State v. Hasty, 121 Iowa 507, 96 N. W. 1115; State v. Martin, 210 Iowa 376, 228 N. W. 1; State v. Davis, 230 Iowa 309, 297 N. W. 274; State v. Little, 42 Iowa 51; State v. Lewis, 96 Iowa 286, 65 N. W. 295.

The fourth paragraph of the motion charges misconduct on the part of the county attorney before the grand jury in

connection with the examination of Norma Mabeus, a married daughter of appellant and his wife. The charge is that prior to testifying before the grand jury the county attorney had secured from her a signed statement concerning what she knew as to the alleged offense and that before the grand jury said county attorney browbeat and coerced said witness into changing her version of what had taken place. The claimed statement is not in the record. The witness testified for the State and was examined and cross-examined and in neither examination is there any reference to such claimed misconduct. Appellant in no way interrogated the witness as to such matter and made no objection to her testimony as given at the trial. We might say in this connection that we find nothing in the record to support any claim that in the examination before the grand jury the county attorney was guilty of such claimed misconduct. The claim to that effect has no support in the record.

By reason of the foregoing, we are of the opinion that the claim of error in this particular was without merit.

II. In the foregoing, we have not considered the claim of the appellee that appellant's motion was without merit in that it was not timely. The record shows that appellant entered a plea of not guilty on October 8, 1945, and that on October 17, 1945, by motion made, it was recited that such plea was withdrawn and a motion was made to set aside the indictment. Appellee argues that the motion was not timely.

Section 776.1, Code of 1946 (section 13781, Code of 1939), provides that a motion to set aside an indictment is good only when made before a plea is entered by the defendant. Here the plea was made before the motion. While appellant claims that such plea was withdrawn, there is nothing in the record to show that the court made any order permitting it. The record does show that appellee resisted the motion. In the case of State v. Tyler, 122 Iowa 125, 130, 97 N. W. 983, 985, there was before this court the action of defendant in moving to set aside the indictment after his plea. This court used the following language:

"It is enough to say that such a motion cannot be entertained after the plea has been entered by the defendant."

784

This court made a like finding in State v. Twine, 211 Iowa 450, 233 N. W. 476.

While there are some early cases which indicate a different rule (Norris' House v. State, 3 (G. Greene) Iowa 513; State v. Hale, 44 Iowa 96), the statute under which such cases were decided did not contain the provision of our present statute.

Assuming, for the purpose of argument, that the motion was timely, yet, under the record it was properly denied and such claim of error is without merit.

III. The second error advanced and argued was in permitting evidence as to what appellant's wife said the next morning as to what had happened to her. The specific claim is that such testimony was not a part of the res gestae.

The charge against the appellant was that he had attempted to murder his wife on June 18, 1945. Appellant lived on a farm about eighty rods from the town of Oakland Mills, Iowa. His wife's sister, Mary Morris, lived with her husband, Rex Morris, on a farm about three miles distant. There was evidence in the record that the offense was committed in a pasture some distance from the Stafford home, along in the evening of June 18th. There is in the record evidence to indicate that appellant's wife, following the alleged assault, escaped from appellant and put in the remainder of the night wandering around in the country. She came to the home of Rex Morris about 7 a. m., June 19th, with a white sack over her head and an Indian blanket wrapped around her. She knocked at the door of the Morris home. Morris, who had known Mrs. Stafford since she was a little girl, did not recognize her; neither did his wife, a sister of Mrs. Stafford. Her face was blackened, bruised, and bleeding. Her face was beaten and swollen; there were cuts and bruises on her arms. Her sister said:

"Well, her face was all black, and her eyes were swollen so that her mouth was bleeding, and she had some gashes on her face, and was all black; I didn't know who it was, whether it was a gypsy or something."

Another witness, describing the condition of Mrs. Stafford, said:

"I didn't think she would live. One leg was black and blue from the hip to below the knee; she had cuts on her arms and cheeks, and both eyes were black and bruised, and her hair was chewed off."

In response to a question as to what had happened, she said: "This is Ann. Ray pretty near beat me to death last night." She said it happened, "down to Oakland; down to the pasture there." The objection was that the answer was hearsay and not a part of the res gestae.

This happened at the Morris home early in the morning of June 19th, and both Mr. and Mrs. Morris were present. Over objection Mrs. Morris testified that Mrs. Stafford said, "Ray tried to kill me."

Appellant argues that as the narrative given by Mrs. Stafford was fourteen hours after the alleged offense, the spontaneity, the impulsive statement, is entirely lacking, due to time for deliberation, and consequently was hearsay and no part of the res gestae.

Whether certain testimony is or is not a part of the res gestae cannot always be determined by any hard and fast rule. The element of time often enters into its calculation or determination but is not necessarily controlling. To determine its applicability, ordinarily the whole situation must be considered. The court has had such matter before it in many cases. In the case of State v. Lewallen, 198 Iowa 382, 199 N. W. 266, this court had such matter before it. Therein the court makes the statement that it has been held many times that no hard and fast rule can be laid down as to the admissibility of evidence as a part of the res gestae, citing 22 C. J. 448 [32 C. J. S. 21]. From page 390 of 198 Iowa, page 269 of 199 N. W., we quote:

"The modern tendency is toward the extension of the rule, and a general recognition of spontaneity as a sufficient substitute for the requirement of contemporaneous connection, and that the act or declaration is not required to be exactly coincident in point of time with the main fact, but

may even be separated from it by a considerable length of time, provided it is so immediately and closely connected with the main fact as to be practically inseparable therefrom and serviceable to a clear understanding thereof, the element of time being of importance merely as bearing on the question. of spontaneity. * * * Many instances are given in regard to the elements to be taken into consideration, in 22 Corpus Juris 462 to 467. These have reference to the time which has elapsed; the length of time; whether the time is or is not definitely stated; the place of the act or statement; the condition of the declarant; the influence of intervening occurrences; and the nature and circumstances of the statement, and so on."

See, also, Keyes v. City of Cedar Falls, 107 Iowa 509, 517, 78 N. W. 227; 32 C. J. S. 22; State v. Korth, 204 Iowa 1360, 217 N. W. 236.

In Miser v. Iowa State Traveling Men's Assn., 223 Iowa 662, 667, 273 N. W. 155, 158, this court had for consideration the question whether certain statements were violative of the rule as to res gestae. The rule was discussed and therein the court called attention to our holding in the case of Christopherson v. Chicago, M. & St. P. Ry. Co., 135 Iowa 409, 417, 109 N. W. 1077, 1080, 124 Am. St. Rep. 284, from which case this court quoted with approval the following language:

" 'These declarations of the deceased are within this branch of the res gestae rule, unless by reason of the interval of time elapsing between the accident and the declaration; but the real test is not whether the declarations are in point of fact contemporaneous, but whether the circumstances exclude premeditation and design. [Citing cases.] Within this general rule, the admissibility of the declarations under the circumstances of the particular case is largely within the discretion of the trial judge. The facts and circumstances of no two cases can be precisely alike, and the exact length of time is not mathematically controlling. [Citing cases.]' "

Following the above quotation from the Christopherson case, this court, in the Miser case, supra, said:

"We think this quotation fairly expresses our holdings upon this subject."

In the case of Page v. City of Osceola, 232 Iowa 1126, 1131, 5 N. W. 2d 593, 595, this court, in discussing the matter of the admissibility of declarations, said:

"This court has stated repeatedly that the admissibility of declarations, as a part of the res gestae, is addressed very largely to the discretion of the trial court." See cases there cited.

See, also, State v. Alton, 105 Minn. 410, 117 N. W. 617, 15 Ann. Cas. 806; 1 Wharton's Crim. Ev. 755, section 495. As to element of time, see 32 C. J. S. 45 et seq., section 417 et seq.; Stukas v. Warfield-Pratt-Howell Co., 188 Iowa 878, 175 N. W. 81.

We think that under the circumstances as shown the statements of Ann Stafford on the morning following the alleged crime, to the effect that her husband had tried to kill her and where it had taken place, were admissible and a part of the res gestae. The record shows that she had been beaten and seriously injured; that she had escaped from the appellant and hidden out during the night; that she wandered in the darkness and at 7 a. m. knocked at the door of her sister and stood there battered, bruised, and unrecognized by her own flesh and blood. To declare what had taken place, how she came to be injured, and where, while lacking the element of contemporaneous connection, yet will stand the test of spontaneity, and a natural expression of what had happened to her. We hold that, to apply the modern test, her statement as detailed by her sister was properly received.

Further, the record shows that appellant stated that he had tried to kill his wife. The evidence shows that later in the day of June 19, 1945, appellant came to the home of Rex Morris looking for his wife. There he told her sister, Mary Morris, that he had "beaten her up and it wasn't the first time"; that he wished he had killed her and then killed himself. Appellant volunteered like statements to Orville Morris, son of Rex Morris, on June 19, 1945. Sheriff Cline arrested appellant on June 19, 1945. As he was reading the warrant

of arrest appellant asked the sheriff where his (appellant's) wife was and was told she was in the Memorial Hospital, very seriously ill:

"Q. What did he say, if anything, to that? A. Well, he said he wished he had finished the job while he was at it; he said, she asked for it, and she got it."

Appellant further said that he might as well plead guilty.

Witness Russell Van Tyne was with the sheriff when they went to the Stafford home on June 19th. He corroborates the testimony of the sheriff to the effect that appellant, when apprised of his wife's being in the hospital in a serious condition, stated:

"That it was good enough, she had asked for it; that she had it coming to her and he was sorry he didn't kill her."

Even if the evidence of Rex and Mary Morris as to what Ann Stafford said the next morning as to the cause of her condition was not a part of the res gestae, and was error, still it would not warrant a reversal as the same facts are otherwise shown. State v. Leib, 198 Iowa 1315, 201 N. W. 29; State v. Lewis, 144 Iowa 483, 123 N. W. 168; State v. Usher, 126 Iowa 287, 102 N. W. 101.

We find appellant's claims of error without merit and the cause is affirmed.—Affirmed.

All JUSTICES concur.