**STATE of Iowa, Appellee,**

v.

**Joan FLESHER, Appellant.**

**No. 60946.**

Supreme Court of Iowa.

Dec. 19, 1979.

Dorothy O'Dean, Stewart R. Winstein and Glenn F. Rudd, of Winstein, Kavensky, Wallace & Doughty, Rock Island, Ill., for appellant.

Thomas J. Miller, Atty. Gen., Lona J. Hansen, Asst. Atty. Gen., and William E. Davis, Scott County Atty., Davenport, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, McCORMICK, ALLBEE and LARSON, JJ.

LARSON, Justice.

Appellant Joan Flesher was convicted of murder in the second degree for the killing of Carol Masias, her husband's lover. Her conviction was affirmed by the court of appeals, *State v. Flesher*, 286 N.W.2d 218 (Iowa Ct.App.1979). Upon her petition for further review she presents only one issue, the introduction of hearsay evidence. We conclude this issue was properly disposed of by the court of appeals and affirm the trial court.

During the trial the decedent's husband testified that he had a telephone conversation with his wife shortly before her death. He said that it was cut short by a knock at the door. Before he could relate the end of the conversation, defense counsel objected that the testimony would constitute hearsay. The objection was overruled, and the husband gave the following testimony:

> The first thing she said to me was, "It's a man." She went to the door and I could hear some conversation in the background, and she came back to the phone and she said, "It's Joan," and I said, "Did you let her in?" And she said, "Yes, I did." I said, "Well, just be careful." She said, "I will," and I said, "I'll talk to you later." And she hung up.

This was the only evidence in the trial, other than defendant's statements that "I did it," which tended to place her at the scene of the murder.

"Hearsay" is defined under the Federal Rules of Evidence as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801. This definition was adopted by this court in *State v. Miller*, 204 N.W.2d 834, 840 (Iowa 1973).

The State contends the husband's testimony was not hearsay, citing *State v. Leonard*, 243 N.W.2d 887 (Iowa 1976) and *State v. Frazier*, 267 N.W.2d 34 (Iowa 1970), on the basis that it was not proffered for the truth of the matters asserted, but merely to show a connection between the defendant and the victim. We need not decide the application of this rationale here, because even if it is conceded this testimony was hearsay, it was a present sense impression of the declarant and therefore properly admitted as an exception to the hearsay rule.

The present sense exception under Rule 803(1) of the Uniform Rules of Evidence and of the Federal Rules of Evidence is

defined as "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter."

The exception is explained in the Advisory Committee Note to the rule. "The underlying theory of Exception [paragraph] (1) is that substantial contemporaneity of event and statement negate the likelihood of deliberate or conscious misrepresentation. Moreover, if the witness is the declarant, he may be examined on the statement. If the witness is not the declarant, he may be examined as to the circumstances as an aid in evaluating the statement." Advisory Committee Note, Fed.R.Evid. 803. The note goes on to indicate that the "[p]ermissible *subject matter* of the statement is limited under Exception [paragraph] (1) to description or explanation of the event or condition, the assumption being that spontaneity, in the absence of a startling event, may extend no farther." *Ibid.* (emphasis in original). This rule is approved in McCormick, *supra*, § 298, at 709–11. He explains that

> strong arguments have been made for another exception to the hearsay rule for declarations concerning nonexciting events which the declarant is observing at the time he makes the declarations. Although these declarations lack whatever assurance of reliability there is in the effect of an exciting event, other factors may provide adequate safeguards. First, since the report concerns observations being made at the time of the declaration it is safe from any error caused by a defect of the declarant's memory. Second, a requirement that the declaration be made contemporaneously with the observation means that there will be little or no time for calculated misstatement and thus provide protection analogous to that provided by the impact of an exciting event.
>
> . . .
>
> . . . [The federal rule] somewhat expands [this] proposal by discarding the requirement of strict contemporaneousness and permitting use of a statement made soon after the observation. If "immediately thereafter" is interpreted to mean a time within which, under the

conditions, it is unlikely that the declarant had an opportunity to form a purpose to misstate his observations, this is a desirable expansion."

A present sense impression exception is also adopted by the Model Code of Evidence Rule 512(a), and has been adopted by at least seventeen states in their codified court rules. *See* Ariz.R.Evid. 803(1); Ark.R.Evid. 803(1); Cal.Evid.Code § 1241; Fla.Evid. Code § 90.803(1); Kan.Code Civ.P. § 60–460(d)(1); Me.R.Evid. 803(1); Mich.R.Evid. 803(1); Mont.R.Evid. 803(1); Nev.Rev.Stat. § 51.085; N.J.R.Evid. 63(4)(a); N.M.R.Evid. 803(1); N.D.R.Evid. 803(1); Okl.Evid.Code § 2803(1); S.D.R.Evid. 803(1); Utah R.Evid. 63(4)(a); Wis.R.Evid. 908.03(1); Wyo.R. Evid. 803(1).

The present sense impression exception is not endorsed by Wigmore; however, he does endorse the related spontaneous exclamation exception in this language:

> This general principle is based on the experience that, under certain external circumstances of physical shock, a stress of nervous excitement may be produced which stills the reflective faculties and removes their control, so that the utterance which then occurs is a spontaneous and sincere response to the actual sensations and perceptions already produced by the external shock. Since this utterance is made under the immediate and uncontrolled domination of the senses, and during the brief period when considerations of self-interest could not have been brought fully to bear by reason of reflection, the utterance may be taken as particularly trustworthy, or, at least, as lacking the usual grounds of untrustworthiness, and thus as expressing the real tenor of the speaker's belief as to the facts just observed by him; and may therefore be received as testimony to those facts.

6 J. Wigmore, *Evidence in Trials at Common Law* § 1747 (3d ed. 1940). Thus, the rationale of Wigmore's exclusion is the lack of motivation and opportunity to falsify. The underlying rationale of the "present sense" and "excited utterance" exceptions are very similar, i. e., the circumstances surrounding the declaration minimize the motive or opportunity to fabricate. "Spon-

taneity is the key factor in each instance, although arrived at by somewhat different routes." Advisory Committee Note, Fed.R. Evid. 803.

Iowa has long recognized the analogous "excited utterance" exception to the hearsay rule. *See, e. g., State v. Berry,* 241 Iowa 211, 215–17, 40 N.W.2d 480, 482 (1950); *State v. Stafford,* 237 Iowa 780, 785–87, 23 N.W.2d 832, 837 (1946). We conclude that the better-reasoned approach to application of the hearsay rule and its exceptions is to recognize the "present sense" exception, and we adopt it in this case. The defendant complains that, even if we were to adopt this exception, there is no evidence to corroborate the out-of-court statement proffered. Obviously, corroboration, or the lack of it, will affect the weight given to the declaration. We find nothing, however, in either the wording of the exception nor in its underlying rationale which requires corroboration as a condition of its admissibility. We decline to adopt this proposed limitation.

The trial court properly admitted the evidence in question.

DECISION OF COURT OF APPEALS AFFIRMED.