# IN THE COURT OF APPEALS OF IOWA

No. 19-1636
Filed February 17, 2021

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**MICHAEL WILSON WHITE,**
 Defendant-Appellant.
_____

  Appeal from the Iowa District Court for Black Hawk County, Brook Jacobsen, District Associate Judge.

  Defendant appeals his convictions for operating while intoxicated and driving while license revoked. **AFFIRMED**.

  Nicholas Einwalter, Des Moines, for appellant.

  Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

  Considered by Mullins, P.J., and May and Schumacher, JJ.

**SCHUMACHER, Judge.**

Michael White appeals his convictions for operating while intoxicated (OWI) and driving while revoked. White argues the district court erred in admitting certain evidence over his hearsay and Confrontation Clause objections and that the evidence is insufficient to support the guilty verdict. We find the statements contained in the admitted evidence fall within a hearsay exception and admission was not a violation of the Confrontation Clause. The record contains substantial evidence to support White's convictions. We affirm.

## I. Facts and Proceedings

Late on the evening of April 21, 2017, Black Hawk County Sheriff's Deputy C.J. Nichols was off-duty in his personal vehicle, driving home. On his way, he encountered a vehicle driving erratically. Nichols followed the vehicle and observed as the vehicle came to a near stop in the middle of multiple intersections, swerved back and forth between lane lines, varied its speed, and indiscriminately used its turn signal. Concerned the driver may be intoxicated, Nichols called the Black Hawk County police dispatch non-emergency line to report the incident. Nichols continued to follow the vehicle and relay his observations to dispatch. He provided his location, a description of the vehicle, its movements, and the vehicle's direction. Based on the report, two Waterloo Police Department officers, Brad Walter and Nick Weber were separately alerted to respond to the area.

Still on the phone with dispatch, Nichols continued to follow the erratic driver until he observed the vehicle pull into appellant Michael White's driveway. Nichols told dispatch he was going to make contact with the driver. He exited his vehicle and approached the driver. Soon after, Officers Walter and Weber arrived on the

scene. Upon the officers' arrival, Nichols was standing near the open driver's door of the vehicle he had been following, speaking with White. The vehicle's headlights were on, and the keys were in the front seat. The responding officers reported that White seemed intoxicated, that he smelled strongly of alcohol, was unsteady on his feet, and his speech was slurred.

Officer Walter ran White's information and found that White's license was revoked for a previous OWI test refusal. White was arrested for driving while revoked and taken to the Black Hawk County Jail. While White was in custody, officers conducted field sobriety tests and invoked implied consent to request a breath test. White refused to participate in a breath test.

On April 27, White was charged with OWI, third offense, in violation of Iowa Code section 321J.2, a class "D" felony; and driving while license is denied or revoked in violation of Iowa Code section 321J.21, a serious misdemeanor.[1] On September 13, 2018, White entered a guilty plea. The plea was accepted, and White was sentenced on October 5. White appealed his plea, claiming several defects. The State conceded the deficiencies and requested that the plea be vacated and remanded. On April 8, 2019, this court reversed and remanded the matter for White to plead again. Upon remand, White elected not to plead guilty and the matter was set for a bench trial.

At trial, the State sought to introduce a recording of Nichols's call to the non-emergency police dispatch line. Nichols was not present at trial. Nichols had been

---

[1] Sentencing in the instant proceeding was held in combination with OW215839. White was convicted of OWI, third offense, in each case. The State noted at sentencing that these were the defendant's "lifetime sixth and seventh" convictions for OWI.

hired as a police officer for the Waterloo Police Department and was at a training on the day of trial. The evidence was admitted over White's hearsay and Confrontation Clause objections. The State called the two responding officers, the dispatch operator, and a records analyst for driving records. White elected not to testify at trial or call any witnesses. On September 25, the district court issued a written order and verdict convicting White on both counts. White appeals his convictions, arguing the district court erred in admitting the recording of Nichols's call to the non-emergency dispatch line, and the evidence is insufficient to prove he operated a vehicle on the night in question.

## II.     Nichols's Call

White alleges admission of Nichols's call was a violation of the Confrontation Clause because Nichols did not testify at trial and the statements contained in the recording constitute hearsay outside of an applicable exception or exclusion and are testimonial in nature. The Confrontation Clause does not bar the admission of an unavailable witness's statement if the evidence falls within a "firmly rooted hearsay exception" or bears "particularized guarantees of trustworthiness." *See State v. Newell*, 710 N.W.2d 6, 24 (quoting *Crawford v. Washington*, 541 U.S. 36, 40 (2004)). However, the Confrontation Clause prohibits the introduction of hearsay statements within an exception if they are testimonial. *Id.*

### A.     Standard of Review

Hearsay claims are reviewed for corrections of errors at law. Iowa R. Evid. 5.104(a); *see State v. Elliott*, 806 N.W.2d 660, 667 (Iowa 2011) (explaining that while other evidentiary rulings are reviewed for an abuse of discretion because

admission of hearsay is presumed prejudicial review is for correction of errors at law). We grant deference to the district court's factual findings concerning hearsay determinations, and they will be upheld unless they are not supported by substantial evidence. *See State v. Long*, 628 N.W.2d 440, 447 (Iowa 2001) (explaining the substantial evidence standard for hearsay rulings). Claims premised on the Confrontation Clause are reviewed de novo. *State v. Hallum*, 606 N.W.2d 351, 354 (Iowa 2000).

**B.       Hearsay**

White alleges that the statements contained in Nichols's call constitute inadmissible hearsay. "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Iowa R. Evid. 5.801(c). Hearsay evidence is inadmissible at trial unless an exception or exclusion applies. Iowa R. Evid. 5.802. The parties do not dispute that the statements contained in the recording of Nichols's call constitute hearsay.

At trial, White objected to the admission of Nichols's call, arguing it was inadmissible because no hearsay exception applied. The State asserted that Nichols's statements qualify for the present sense impression hearsay exception because Nichols was "giving a play-by-play of what he is observing." The district court agreed with the State and admitted the evidence, finding the exception applicable. The present sense impression hearsay exception applies to hearsay statements "describing or explaining an event or condition, made while or immediately after the declarant perceived it." Iowa R. Evid. 5.803(1). The rationale for the exclusion is "that substantial contemporaneity of event and statement

negate the likelihood of deliberate or conscious misrepresentation." *State v. Flesher*, 286 N.W.2d 215, 217 (Iowa 1979) (quoting Advisory Committee Note, Fed. R. Evid. 803). We agree with the district court's decision. Nichols's statements described his contemporaneous observations of White's vehicle and were admissible under the present sense impression hearsay exception.

### C. Confrontation Clause

White contends Nichols's statements to dispatch were testimonial and therefore barred by the Confrontation Clause. The Confrontation Clause of the United States Constitution and article I section 10 of the Iowa Constitution guarantees the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. This right prohibits the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify and the defendant had had a prior opportunity for cross-examination." *Crawford*, 541 U.S. at 53-54. As Nichols did not testify at trial, White's claim hinges on whether the statements contained in Nichols's call were testimonial in nature. *See State v. Shipley*, 757 N.W.2d 228, 235 (Iowa 2008) ("[T]he fighting Confrontation Clause issue with respect to admission of hearsay is whether the underlying statements should be considered 'testimonial' or 'nontestimonial.'"). It is the State's burden to show by a preponderance of the evidence that the contested statements are nontestimonial. *State v. Bentley*, 739 N.W.2d 296, 298 (Iowa 2007).

In determining whether an out-of-court statement is testimonial, the Supreme Court has articulated a test that focuses on the "primary purpose" of the statement. *See Ohio v. Clark*, 576 U.S. 237, 244-45 (2015) (explaining the Court's holdings interpreting the Confrontation Clause and the "primary purpose" test for

testimonial statements).  Nontestimonial statements are those "made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency."  *Davis v. Washington*, 547 U.S. 813, 822 (2006).  In contrast, testimonial statements are those made when the "circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution."  *Id*.  The question is when viewed objectively, in light of all the circumstances, whether the "primary purpose" of the statements was to "creat[e] an out-of-court substitute for trial testimony."  *Michigan v. Bryant*, 562 U.S. 344, 358 (2011).

We find that Nichols's statements to dispatch were nontestimonial.  The statements were made for the primary purpose of enabling police officers to investigate and meet an ongoing emergency.  *See Davis*, 547 U.S. at 827 ("A  911 call . . . is ordinarily not designed primarily to establish or prove some past fact, but to describe current circumstances requiring police assistance." (cleaned up)).  When Nichols encountered White driving erratically, he was off duty and in his personal vehicle driving home.  The danger posed by the situation prompted Nichols to call the non-emergency line so that on-duty police could intervene.  Nichols followed the vehicle to monitor its movements.  He continued to relay information to dispatch that would be useful to responding officers.  His statements described his current location, the make, color, and model of the vehicle, its license

plate, and direction of travel. The operator took this information and dispatched officers accordingly. [2]

By describing the location and movements of a presently dangerous vehicle on the public roadways, we believe Nichols's primary purpose was to aid police in responding to an ongoing emergency.[3] Therefore, the statements were nontestimonial, and we find no constitutional violation.

## III. Sufficiency of the Evidence

White claims the evidence presented at trial is insufficient to prove he operated a vehicle on the night in question.

### A. Standard of Review

Sufficiency of evidence claims are reviewed for a correction of errors at law. *State v. Sanford,* 814 N.W.2d 611, 615 (Iowa 2012). A verdict is binding upon this court and will be upheld unless it is not supported by substantial evidence. *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017). Substantial evidence is evidence that would convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt. *Id.* If evidence raises only suspicion, speculation, or conjecture,

---

[2] As noted by the *Crawford* court, a conversation that begins as an interrogation to determine the need for emergency assistance, and is not subject to the Confrontation Clause, may evolve into testimonial statements subject to the Confrontation Clause once that purpose has been achieved, and that trial courts should recognize the point at which, for Sixth Amendment purposes, statements in response to interrogations become testimonial. In the instant case, the trial court ruled that any statements made by Nichols on the video from Officer Weber's squad and body camera were inadmissible to prove the matters asserted and would only "be admitted for their (e)ffect on the listener or to explain any admission made by the defendant . . . ."

[3] However, the Supreme Court has been clear—an ongoing emergency is not determinative to the analysis; it is just one factor that strongly indicates the primary purpose of the statements, which is the true test for whether a statement is testimonial. *Bryant*, 562 U.S. at 131.

it is not substantial. *State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016). We consider all evidence in the record, not just the evidence supporting guilt. *Tipton*, 897 N.W.2d at 692. We view all relevant evidence in the light most favorable to the State. *Id.*

### B.    Merits

At trial, to convict White of the charges against him, the State was required to prove beyond a reasonable doubt that he operated a vehicle while intoxicated and while his license was revoked. Iowa Code §§ 321J.2, .21. White argues the State failed to prove he operated a vehicle because it was Nichols who encountered the erratic driver and he did not testify at trial identifying White as the driver.

The State submitted direct and circumstantial evidence proving White operated a vehicle on the night in question. The recording of Nichols's call to the non-emergency dispatch line details Nichols's observations as he followed White's vehicle from the public roadways to White's driveway, where White was identified as the driver. Additionally, body camera evidence from officers Weber and Walter show that upon their arrival to White's driveway, Nichols is speaking with White immediately outside the open driver's door of White's vehicle. The headlights of the vehicle are on and the keys are in the driver's seat. Nichols's vehicle is parked behind White's vehicle blocking the street. No one else is present.

In addition to Nichol's call to law enforcement, White's statements to law enforcement, as reflected on the officers' bodycam videos, acknowledge that he was driving his vehicle. His statements in response to law enforcements remarks that he had been observed driving were, "But I'm home now," and when he was

confronted with information that he was followed from "the other side of the 18th Street Bridge," White responded, "But he didn't stop me."

We find Nichols's call was properly admitted and therefore could be relied on by the trial judge. When viewed in the light most favorable to the State, the evidence presented at trial provides substantial proof that White operated a vehicle on the night in question. We find sufficient evidence to support White's convictions.

## IV.    Conclusion

We find no error in the district court's decision admitting the recording of Nichols's call to the non-emergency dispatch line because the statements in evidence fall within the present sense impression hearsay exception and were not a violation of the Confrontation Clause because they were nontestimonial in nature. Additionally, we find the record contains substantial evidence to prove White operated a vehicle on the night in question and there is sufficient evidence to support his convictions.

**AFFIRMED**.